IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

                                                    CASE NO: 00-6028
                                                   CR DIMITROULEAS

David Tracy,
In Propria Persona, Sui Juris.

    Accused.

_____/

## MOTION TO QUASH INDICTMENT AND/OR PLEA IN ABATEMENT

    I, David Tracy, In Propria Persona, appearing specially and not generally herein, with a continuing challenge to the jurisdiction of this Court, and having been denied benefit of assistance of counsel by Judge Dimitrouleas in violation of the teachings in <u>Argersinger v. Hamlin</u>, 92 S.Ct. 2006, 407 U.S. 25, 32 L.Ed.2d 530, and having been appointed Bar Counsel by Judge Dimitrouleas against my will and over my objections in violation of the teaching in <u>Faretta v. California</u>, 95 S.Ct. 2525, 422 U.S. 806, 45 L.Ed.2d 562 and reminding this Court that the I have never entered a plea in this case, and any plea entered by the Court is bogus, against my will and over my objections, and objecting to the proceedings on a continuing basis, knowing that this Court will proceed regardless of whether jurisdiction has been proved, and only moving in this action to protect my life, liberty and property, move to quash the Indictment in this cause and/or plea in abatement and in support thereof states

1



the following:

1. On or about February 1, 2000, I was allegedly indicted by a Grand Jury for three felonious offenses of Willfully Attempting to Evade and Defeat Income Taxes.

2. Upon the face of the Indictment appears various non-handwritten, mechanically reproduced words alleging allegations against a fiction "DAVID G. TRACY". I continue to deny and again hereby deny that that fiction is me.

3. On the face and within the four corners of the Indictment under the term "A TRUE BILL" and above the word "FOREPERSON" appears a copy of what appears to me to be a signature. That signature is completely unreadable to me and therefore is unidentified and secreted from me.

4. I was never informed of the existence or the convening of a Grand Jury in this case until after my physical arrest by federal government agents. I was only given a copy of the Indictment on February 15, 2000, by an assistant to the U.S. Attorney at a hearing before a Magistrate.

5. Therefore I have been deprived of an opportunity to challenge any part of the process of selecting that grand jury, of challenging the array of the grand jury, of objecting to the competence of the evidence given to the grand jury, if any, of the competence of the witnesses presented to the grand jury, if any, or that no witness before the grand jury could or did give legally competent evidence against me.

6. I hereby claim at all material times, the right to be afforded the opportunity to challenge, in every manner, the grand jury in its array and/or individually and/or in all of its

functions including, but not limited to, the issues laid out in ¶ 5 above, as my constitutional right to due process of law under the "Article the fifth" amendment to the United States Constitution.

7. The Federal rules of procedure, inter alia, preserve constitutionally secured rights. Authority for the Supreme Court to promulgate rules of procedure is at 28 U.S.C. § 2072, and § 2072(b) preserves rights: "(b) Such rules shall not abridge, enlarge or modify any substantive right." Basically those Rules deal with the Fourth, Fifth and Sixth Amendments

8. If a power is not enumerated in the Constitution, primarily in Article I § 8, the Federal government lacks subject matter jurisdiction within the Union. This provides the framework for what is known as the "arising under clause" at Article III § 2, clause 1 of the Constitution:

> "Section 2. The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority."

9. Rule 6(b)(1) states:

> "(1) Challenges. The attorney for the government or a defendant who has been held to answer in the district court may challenge the array of jurors on the ground that the grand jury was not selected, drawn or summoned in accordance with law, and may challenge an individual juror on the ground that the juror is not legally qualified. Challenges shall be made before the administration of the oath to the jurors and shall be tried by the court."

10. The right to challenge grand jury array and individual jurors is antecedent to individual jurors being administered the oath required prior to a grand jury being formally seated. The government and me as the defendant, both have the right to challenge array and

disqualify grand jury candidates prior to the grand jury being seated. This right has been denied me, and my remedy lies in Rule 6(b)(2):

> "(2) Motion to Dismiss. A motion to dismiss the indictment may be based on objections to the array or on the lack of legal qualification of an individual juror, if not previously determined upon challenge. It shall be made in the manner prescribed in 28 U.S.C. Sec. 1867(e) and shall be granted under the conditions prescribed in that statute. An indictment shall not be dismissed on the ground that one or more members of the grand jury were not legally qualified if it appears from the record kept pursuant to subdivision (c) of this rule that 12 or more jurors, after deducting the number not legally qualified, concurred in finding the indictment."

11. Rule 6(c) requires the grand jury foreman to record the vote, then file a letter or certificate of concurrence with the clerk of the court.

12. Since I did not have the opportunity to challenge the grand jury array and individual grand jurors prior to the grand jury being seated, they're all disqualified as the qualification process is among my constitutionally secured due process rights. By consulting Chapter 121 of Title 28 generally, and 28 U.S.C. § 1867 specifically, you find that there is no distinction in the voir dire examination and other jury qualification process for grand juries or petit trial juries:

> "(a) In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury."

13. Since I was not made aware a grand jury was investigating me, I didn't have the opportunity to challenge the grand jury array, or individual grand jurors. Consequently,

4

I have been deprived of substantive due process, which is expressly prohibited by 28 U.S.C. § 2072(b) and under "article the fifth" amendment of the U.S. Constitution.

14. We have an adversarial judicial system. All parties to any given action, the government included, stand on equal ground. The system isn't set up for convenience of the government. Government always has the burden of proof, whether in civil or criminal matters. I have the right to challenge the qualifications and competency of everyone involved in the prosecution process, inclusive of grand and petit jurors selected from "peers" who ultimately have responsibility for determining indictable offenses and/or final liability. When government personnel deprive me of any of these rights, constitutionally secured due process of law is abridged. In that event, this court looses subject matter jurisdiction.

15. Pursuant to Rule 6(f), F.R.Crim.P.:

> "(f) Finding and Return of Indictment. An indictment may be found only upon concurrence of 12 or more jurors. The indictment shall be returned by the grand jury to a federal magistrate judge in open court. If a complaint or information is pending against the defendant and 12 jurors do not concur in finding an indictment, the foreperson shall so report to a federal magistrate judge in writing forthwith."

16. This section of Rule 6 specifies foundation necessities: Federal government may prosecute felony crimes only on a valid affidavit of complaint that has been presented in a probable cause hearing (Rules 3 & 4). Only corporations can be prosecuted via "information." Rule 6(f) preserves the antecedent affidavit of complaint and probable cause hearing in the second sentence: The grand jury may proceed only on "complaint" or "information" that has previously been formally processed. Additionally, if the grand jury

issues an indictment, the return must be made in open court to a magistrate judge.

17. The return should appear on the case docket, and a transcript of the hearing should be available. A return of an indictment is the same as the petit trial jury return of a verdict. However, neither a return nor a transcript are present in the docket.

18. Rule 8 governs limits of the reach of any given grand jury, Rule 8 being "Joinder of Offenses and of Defendants."

19. During any court or jury session, any given juror might sit on one or more grand or petit juries, but each jury has limited subject matter jurisdiction. Where the grand jury is concerned, it may proceed only from an original complaint where probable cause has been found to issue additional indictments and/or name additional defendants where the crimes "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." (Rule 8(a)) Rule 8(b) specifies criteria for naming additional defendants.

20 Here is where my reservation of rights in Rule 9(a) should have come in, were I cognizant of a investigation against me: "When a defendant arrested with a warrant or given a summons appears initially before a magistrate judge, the magistrate judge shall proceed in accordance with the applicable subdivisions of Rule 5."

21. Considering first Rule 5(b) and the first portion of Rule *5(c)*:

> "(b) Misdemeanors and Other Petty Offenses. If the charge against the defendant is a misdemeanor or other petty offense triable by a United States magistrate judge under 18 U.S.C. § 3401, the magistrate judge shall proceed in accordance with Rule 5."

> "(c) Offenses not Triable by the United States Magistrate Judge. If the charge

6

against the defendant is not triable by the United States magistrate judge, the defendant shall not be called upon to plead"

22. As a United States Magistrate Judge was originally a national park commissioner, the name of the office has changed, but the nature of the office hasn't. That is an administrative, not a judicial office. The only offenses triable by a United States Magistrate Judge are traffic violations and other misdemeanor and petty offenses committed on military reservations, in national parks and forests, etc., under regulations promulgated by the Department of Defense and the Department of the Interior.

23. The United States Magistrate Judges in the several States have "venue" jurisdiction solely over offenses committed on Federal enclaves where United States Government has exclusive or concurrent jurisdiction ceded by one of the several States. And as Rule 5(e) specifies, they cannot even ask for, much less make a plea for a defendant charged with a felony crime. However, this is exactly what the Magistrate Judge did in the instant case. And as the record reflects it was done against my will and over my objections.

24. The taking if a plea in a felony case by a Magistrate Judge is prohibited under Rules 5,9,10&11. When the United States Magistrate Judge entered a plea for me as the defendant in a felony case, she usurped power vested in Article III judges of the United States.

25. When that quasi-judicial officer exceeds authority Congress vested in him by law, the United States loses subject matter jurisdiction and there are grounds to pursue lawful remedies, both civil and criminal. Government officials, regardless of capacity, enjoy the cloak of immunity only to the outer reaches of their lawful authority. The notion of blanket

judicial or any other absolute immunity is nothing more than a convenient fiction.

26. Rule 5(c), second paragraph, also stipulates that, "A defendant is entitled to a preliminary examination, unless waived, when charged with any offense, other than a petty offense, which is to be tried by a judge of the district court."

*(Here it is useful to understand the term "magistrate judge" as opposed to "United States Magistrate Judge" or "United States magistrate judge." The President of the United States is the nation's highest "magistrate." In other words, the "magistrate" is a ministerial, not a judicial office. All lawful judges function in a magistrate capacity when they preside at probable cause hearings, initial appearances and the like. In a sense, this is an "extra-judicial" capacity that within proper context can be vested in or exercised by administrative or judicial officers. The United States Magistrate Judge is an administrative office with quasi-judicial capacity limited to specific subject matter, where the "district judge" of the United States is vested with the full range of United States judicial authority, i.e., his extra-judicial capacity as magistrate judge extends to Federal offenses of all stripes.)*

27. Essentials of the preliminary hearing or examination are prescribed at Rule 5.1(a) of the Federal Rules of Criminal Procedure:

> "(a) Probable Cause Finding. If from the evidence it appears that there is probable cause to believe that an offense has been committed and that the defendant committed it, the federal magistrate judge shall forthwith hold the defendant to answer in district court. The finding of probable cause may be based upon hearsay evidence in whole or in part. The defendant may cross-examine adverse witnesses and may introduce evidence"

28. And now back to Rule 5(c), second paragraph:

8

> "A defendant is entitled to a preliminary examination, unless waived, when charged with any offense, other than a petty offense, which is to be tried by a judge of the district court. If the defendant waives preliminary examination, the magistrate judge shall forthwith hold the defendant to answer in the district court. If the defendant does not waive the preliminary examination, the magistrate judge shall schedule a preliminary examination. Such examination shall be held within a reasonable time but in any event not later than 10 days following the initial appearance if the defendant is in custody and no later than 20 days if the defendant is not in custody, provided, however, that the preliminary examination shall not be held if the defendant is indicted or if an information against the defendant is filed in district court before the date set for the preliminary examination"

29. It can clearly be seen that if a defendant is joined to an indictment under Rule 8, he has the right to a preliminary hearing under Rule 5.1. This assures his opportunity to challenge witnesses and present evidence before being subjected to the trial process. The right is particularly important where government prosecutors routinely play "let's make a deal" to secure incriminating testimony from questionable witnesses.

30. In summarizing the indispensable or "substantive" elements of Federal criminal prosecution I found all of the following to be true:

> a) The criminal prosecution process may commence if and only if there is an affidavit of criminal complaint submitted under oath in a probable cause hearing. (Rule 3, F.R.Crim.P.)
>
> b) A committing magistrate judge must issue a warrant or summons after finding probable cause. (Rule 4, F.R.Crim.P.)
>
> c) The defendant may be arrested and "returned" by the appropriate Federal authority. (Rule 4, F.R.Crim.P.)
>
> d) The defendant then has an initial appearance at which he is asked to enter a plea, and bond, if any, is set. If the offense is a felony offense, a United States Magistrate Judge may not ask for or enter a plea. The

9

defendant is entitled to a preliminary hearing unless an indictment or information (against a corporation) is returned prior to a preliminary hearing. In the event that the defendant is 'joined" by a grand jury under Rule 8 and has not previously been arrested, the Federal criminal prosecution process begins here, and the defendant is entitled to a preliminary hearing. (Rule 5, F.R.Crim.P.)

f) If the defendant exercises his right to a preliminary hearing, he has the opportunity to cross-examine adverse witnesses and he may introduce his own evidence, whether the evidence is via witnesses or is documentary in nature. (Rule 5.1, F.RCrim.P.) The preliminary examination may be bypassed only in the event that the defendant waives the right, or indictment issues subsequent to the initial appearance.

g) The defendant, or his counsel, has the right to challenge array of the grand jury pool and voir dire individual grand jury candidates prior to the grand jury being sworn in. (Rule 6(b), F.R.Crim.P. & 28 U.S.C. § 1867).

h) In the course of its investigation, based on an affidavit of complaint and the finding of probable cause, a grand jury may by "presentment" issue additional indictments and/or join additional defendants in compliance with provisions of Rule 8, F.R.Crim.P.

i) The grand jury must return indictments in open court, and the grand jury foreman must file a letter or certificate of concurrence with the clerk of the court. (Rule 6(f), F.R.Crim.P.)

j) A warrant or summons may issue against additional parties joined to an original complaint under provisions of Rule 8 subsequent to grand jury deliberation and return of indictment in accordance with Rule 6. (Rule 9, F.R.Crim.P.)

k) After all previous conditions are met, as applicable, a defendant may be arraigned and called on to plead. (Rules 10 & 11, F.R.Crim.P.)

31.   One possibility of the circumstances behind the events in this case, are that it appears that the Department of Justice and United States Attorneys are convening grand juries under auspices of the "special grand jury" provisions in Chapter 216 (§§ 3331-3334) of Title 18. However, if this is so this is a misapplication of law, as special grand jury investigation authority extends only to criminal activity involving government personnel, and then the grand jury is limited to issuing reports. Defendants and prospective defendants are afforded the opportunity to rebut or correct the reports prior to public release. Although evidence unearthed by the special grand jury may be used as the basis of criminal prosecution, the special grand jury does not have indictment authority.

32.   And on secreting the Grand Jury from me, it appears that the first steps toward securing secret indictments were taken during prohibition days to shield grand jury members from reprisal. That is certainly not the case here. Although secret indictments were and are patently unconstitutional, the extreme remedy in the midst of highly volatile and dangerous circumstance was rationalized in the midst of what amounted to domestic war with organized crime. Contrary to law, those who found the extraordinary process convenient have now incorporated it as routine practice.

**WHEREFORE**, I David G. Tracy, In Propria Persona, move to quash the indictment and/or in a plea in abatement, because the United States Government has secreted the Grand Jury from me in the first instance without benefit of challenges as aforestated and are in effect using the Grand Jury as a prosecutorial tool against me. The Grand Jury is a buffer between me and my government. Without an opportunity to test witnesses and present

evidence before being subjected to the trial process prior to the swearing in of the jurors the Grand Jury they are all disqualified, as the qualification process is among my constitutionally secured due process rights pursuant to the Criminal Rules, Chapter 121 of Title 28 generally, 28 U.S.C. § 1867 specifically, and article of the fifth amendment to the United States Constitution.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed/hand delivered to Matthew Menchel, A.U.S.A., 500 E. Broward Blvd., Suite 700, Fort Lauderdale, Florida, c/o the United States Attorney's office, Florida, on this 3rd day of May, 2000.

_____
David Tracy,
In Propria Persona, Sui Juris,
POB 11638
Fort Lauderdale, Florida [33339]
(954) 398-3483