UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

CASE NO. 00-6028-CR-DIMITROULEAS

Plaintiff,

vs.

DAVID TRACY,

Defendant.

_____/

FILED_____ D.C.

MAY 1 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER

THIS CAUSE having been heard upon Defendant's May 3, 2000 Motion To Quash Indictment and/or Plea in Abatement [DE-39] and the Court having received no response from the Government, finds as follows:

1. Defendant complains that:

   A. He cannot read the foreperson's signature on the indictment.

   B. He was unaware of the existence of a Grand Jury until after his arrest.

   C. He was not allowed to participate in the selection of the Grand Jury.

   D. There was no complaint in this case.

   E. The indictment was improperly returned.

   F. The arraignment by a Magistrate Judge was improper.

   G. He did not receive a preliminary hearing.

2. On February 1, 2000, the Grand Jury returned a sealed indictment against the Defendant alleging three counts of tax evasion. That Grand Jury had been selected on December 3, 1999. An arrest warrant was issued for the Defendant on February 1, 2000 [DE-4]. The arrest



warrant was served on February 8, 2000 [DE-5].

3. Defendant's complaints about the selection of the Grand Jury are not supported by a sworn statement of facts. 28 U.S.C. § 1867(d); U.S. v. Aquirre, 108 F. 3d 1284 (10th Cir.) cert. denied, 118 S. Ct. 335 (1997).

4. The Defendant had not been held to answer these charges in district court. Rule 6(b)(1), Federal Rules of Criminal Procedure. He had no right to be present at the impanelment of the Grand Jury over two months before his arrest. U.S. v. Kenner, 36 F.R.D. (S.D.N.Y. 1965).

5. Defendant's speculative complaints about the return of the Indictment are insufficient upon which to base relief.

6. Because of Defendant's unwillingness to participate in an arraignment before Judge Seltzer on February 15, 2000 and Judge Snow on February 29, 2000, a not guilty plea was entered on his behalf [DE-16].

7. The return of the indictment eliminated the necessity of a preliminary hearing, U.S. v. Mulligan, 520 F. 2d 1327 (6thCir. 1975), cert. denied, 96 S. Ct. 1123 (1975), or a complaint, or a finding of probable cause for the issuance of a warrant.

Wherefore, Defendant's Motion To Quash Indictment is DENIED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this _12_ day of May, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

David Tracy
Post Office Box 11638
Fort Lauderdale, FL 33339

Matthew Menchel, AUSA

Steven Kreisberg, Esquire
3250 Mary Street
Coconut Grove, FL 33133-2007