UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6028-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID TRACY,

        Defendant.
_____/

## GOVERNMENT'S BRIEF ON ADMISSIBILITY OF NOTICES AND OTHER EVIDENCE THAT DEFENDANT WILLFULLY VIOLATED HIS LEGAL OBLIGATION TO PROPERLY FILE HIS INCOME TAX RETURNS AND PAY INCOME TAX

**COMES NOW** the United States of America, by and through its undersigned Assistant United States Attorney, and files its brief on the admissibility of evidence to prove that defendant willfully violated his legal obligation to properly file his income tax returns and pay income tax and in support thereof states:

1. In *Cheek v. United States*, 498 U.S. 192, 202 the Supreme Court held that in order to establish the element of "willfulness" in the context of a criminal tax evasion charge the government must prove that "the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and



intentionally violated that duty."

2. The *Cheek* court also recognized that in determining whether the Government has carried its burden to prove willfulness, a jury "would be free to consider any admissible evidence from any source showing that [a defendant] was aware of his duty to file a return and to treat wages as income, including evidence showing his awareness of the relevant provisions of the Code or regulations of court decisions rejecting his interpretation of the tax law, of authoritative rulings of the Internal Revenue Service, or of any contents of the personal income tax return forms and accompanying instructions that made it plain that wages should be returned as income." Id. at 202.

3. Indeed, given that proof of wilfulness usually must be accomplished by means of circumstantial evidence, the Second Circuit has held the following:

> [T]rial courts should follow a liberal policy in admitting evidence directed towards establishing the defendant's state of mind. No evidence which bears on the issue should be excluded unless it interjects tangential and confusing elements which clearly outweigh its relevance.

*United States v. Collorafi*, 876 F.2d 303, 305 (2nd Cir. 1988). To this end, Circuit Courts have regularly upheld the admission of a defendant's awareness of prior court decisions that have dismissed a taxpayer's challenge to federal income taxes on his wages, See

2

e.g., *United States v. Collorafi*, 876 F.2d 303, (2d Cir. 1988) the admission of tax protest materials filed by the defendant, *See e.g., United States v. Upton*, (8th Cir. 1986)799 F.2d 432, 433,; *United States v. Ferguson*, 793 F.2d 828, 831 (7th Cir. 1986), and the admission that defendant failed to pay his income taxes for years both prior to and following the years named in the indictment, *See e.g., United States v. Bok*, 156 F.3d 157, 164 ((2d Cir. 1998); *United States v. Ausmus*, Jr., 774 F.2d 722, 727 (8th Cir. 1985); *United States v. Fingado*, 934 F.2d 1163, 1164 (10th Cir. 1991); *United States v. Mitchelson*, 51 F.3d 283 (9th Cir. 1995) (unpublished); *United States v. Karsky*, 610 F.2d 548, 550 (8th Cir. 1979).

4. In the case at bar, starting in 1995, defendant received numerous notices from the Internal Revenue Service advising him of his obligation to file his 1993 income tax return and also advising him that, if he failed to file a return, he could be held criminally liable. In addition, because defendant refused to comply with these notices, he was sent further notices advising him that he was assessed a tax liability and, that if he disagreed with Internal Revenue Service's assessment, he could file a petition in United States Tax Court. Defendant returned all of the notices he received along with tax protestor materials attached to each of them. In 1996, the Internal Revenue Service levied defendant's wages in order to pay the assessment he owed on his 1993 income

taxes. Defendant attempted to prevent the levy by filing an injunction against his employer. The injunction was subsequently denied and defendant's lawsuit was dismissed.

5. These activities all occurred simultaneously with defendant's legal obligation to properly file his 1994 and 1995 tax returns, the years charged in the indictment. In fact, despite these notices and despite that his wages were levied, defendant did not file his tax returns in a timely fashion. Instead, defendant filed his tax returns for the years 1993, 1994, 1995 and 1996 *en masse* in April of 1997 and, when filed, all these returns indicated that defendant had zero gross income and zero tax liability.

6. The government intends to introduce the evidence described in paragraph 4 above to prove that defendant was "on notice" and therefore acted wilfully when failed to properly file his income tax returns and pay his income tax. Furthermore, as the notices that the IRS sent defendant and the protest letters that the defendant sent back to the IRS were during the time period alleged in the indictment, they are "inextricably interwoven" with the tax periods in question.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
      MATTHEW MENCHEL
ASSISTANT UNITED STATES ATTORNEY
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
COURT ID No. A5500407
Tel:(954)356-7255; FAX: 356-7336

5

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via facsimile this 14th day of May, 2000 to Steven Kreisberg, Esq., 3250 Mary Street, Suite 400, Coconut Grove, Florida, 33133, fax (305) 442-0464.

                                                MATTHEW MENCHEL
                                                ASSISTANT UNITED STATES ATTORNEY

6