IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division



**NIGHT BOX
FILED**

**MAY 16 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

UNITED STATES OF AMERICA,
    Plaintiff,

vs.
                          **Case No. 00-6028
                          CR-Dimitrouleas**

DAVID G. TRACY,
    Accused.

_____/

## MOTION TO DISMISS

COMES NOW the Accused David G. Tracy and respectfully moves this Court to dismiss the instant action and quash the indictment upon the following grounds.

1.    There is no record showing that the Accused was ever formally arraigned by the trial court pursuant to F.R.Crim.P. 10 which is the only rule that governs arraignments.

2.    Under federal law, an arraignment is *sine qua non* to the trial itself; an essential preliminary step of the proceeding in which the issues to be tried are formulated. *See Hamilton v. Alabama*, 368 U.S. 52, 54, n. 4.

3.    The fact that the record shows that the Accused has not been formally arraigned not only violates F.R.Crim.P. 10 but also 28 USC §2072(b) because it has denied the Accused of his right to substantive due process guaranteed by Amendment V and VI to the Constitution.



4. The formal arraignment and plea are a necessary part of the proceeding without which there can be <u>no</u> valid trial and judgment. *See Crain v. U.S. 162 U.S. 625, 644.*

5. "Neither sound reason nor public policy justifies any departure from settled principles applicable to criminal proceedings...and safety lies in adhering to established modes of procedure devised for the security of life and liberty." *Crain, 644.*

6. Whatever the record may show concerning any appearances of the Accused before a Magistrate Judge, such proceedings were conducted before a Magistrate Court sitting under Article I, not under Article III.

7. Additionally, F.R.Crim.P. 5(c) prohibits a Magistrate Judge from calling on an Accused to plea under an indictment because a Magistrate Judge may not exercise any of the judicial powers that flow from Article III.

8. Thus all proceedings that occurred before the Magistrate Court are immaterial to the proceedings before an Article III trial court and any reference to arraignment are irrelevant.

## CONCLUSION

9. The record clearly shows that the Accused was never formally arraigned before this Court as required by F.R.Crim.P. 10.

10. F.R.Crim.P. 5 governs pretrial hearings in the Magistrate Court and does not vest any Article III powers to an Article I tribunal.

11. Without the Accused having been formally arraigned, there are no issues that have been formulated to be tried and thus this Court is without jurisdiction to proceed against the Accused.

12. If this Court were to proceed against the Accused without a formal arraignment, it would be to deny the Accused of his right to procedural and substantive due process of law.

13. In light of the foregoing, the only remedy that will not prejudice the Accused is for this Court to enter an order forthwith to dismiss the action and quash the indictment.

## RELIEF REQUESTED

WHEREFORE, the Accused respectfully moves this Court to enter an order forthwith dismissing the instant action and quashing the indictment.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May 2000, a copy of the foregoing was delivered in hand in open court to the persons named below.

Respectfully submitted,

David G. Tracy
PO 11638
Ft. Lauderdale, Florida 33339
Tel: 954-398-3483

## COPIES TO

Matthew Menchel
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394