UNITED  STATES  DISTRICT  COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6028-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

DAVID G. TRACY,

     Defendant.

_____/



## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

The Defendant, DAVID G. TRACY, through undersigned counsel, hereby respectfully requests that the Court give the following instructions, numbered 1 through __17__ , to the Jury in the trial herein.

Respectfully submitted,

_Steven E. Kreisberg_

Steven E. Kreisberg, Esquire
Fla. Bar No. 166819
Attorney for Defendant TRACY
3250 Mary Street
Suite 400
Coconut Grove, Florida  33133
(305) 442-4333

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand-delivered to A.U.S.A. Matthew Menchel and to David G. Tracy, in open court this __17__ day of May, 2000.

_Steven E. Kreisberg_

Steven E. Kreisberg

## DUTY TO FOLLOW INSTRUCTIONS -- PRESUMPTION OF INNOCENCE

### Defendant's Requested Instruction No. 1

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

> 11th Circuit Pattern Jury
> Instructions (Criminal),
> 1997, Basic Inst. No.
> 2.1, p. 14.

GRANTED    _____

REFUSED    _____

WITHDRAWN  _____

COVERED IN INSTRUCTION NO. _____

## **NUMBER OF WITNESSES CALLED IS NOT CONTROLLING**

Defendant's Requested Jury Instruction No. 2

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.

O'Malley, et al.,
Federal Jury Practice and
Instructions,
5th Ed., §14.16 (excerpt)

GRANTED    _____

REFUSED    _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

## CONSIDER ONLY OFFENSE CHARGED

### Defendant's Requested Jury Instruction No. 3

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.


O'Malley, et al.,
Federal Jury Practice and
Instructions,
5th Ed., §12.09


GRANTED        _____

REFUSED        _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

## CREDIBILITY OF WITNESSES -- THE DEFENDANT AS A WITNESS

### Defendant's Requested Jury Instruction No. 4

You should judge the testimony of the Defendant in the same manner as you judge the testimony of any other witness in this case.

O'Malley, et al.,
Federal Jury Practice
and Instructions,
5th Ed., §15.12

GRANTED     _____

REFUSED     _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

## **EXPERT WITNESSES**

### Defendant's Requested Instruction No. 5

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

> 11th Cir. Pattern Jury
> Instructions, 1997, Basic
> Instruction No. 7, p. 31.

GRANTED        _____

REFUSED        _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

## CHARACTER EVIDENCE

### Defendant's Requested Jury Instruction No. 6

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

> 11th Cir. Pattern Jury
> Instructions (Criminal),
> 1997, Special Inst. 11,
> p. 60.

GRANTED    _____

REFUSED    _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

## TAX EVASION (26 U.S.C. §7201)
## -- ELEMENTS OF OFFENSE

### Defendant's Requested Instruction No. 7

Section 7201 of the Internal Revenue Code (26 U.S.C. §7201) makes it a Federal crime or offense for anyone to willfully attempt to evade or defeat the payment of federal income taxes.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

**First:** That the Defendant had a tax deficiency for the year in question;

**Second:** That the Defendant committed an affirmative act within the dates set forth in the particular count of the Indictment, in an attempt to evade and defeat payment of that deficiency; and

**Third:** That such act was committed knowingly and willfully.

The proof need not show the precise amount of the additional tax due as alleged in the indictment, but it must be established beyond a reasonable doubt that the Defendant knowingly and willfully attempted to evade or defeat some substantial portion of such additional tax as charged.

> Sansone v. United States,
> 380 U.S. 343, 351 (1965) ["the elements of Section 7201 are willfulness, the existence of a tax deficiency,...and an affirmative act constituting an evasion or attempted evasion of the tax."];

(cont.)

<u>United States v. Scrima</u>,
    819 F.2d 996, 998 (11th Cir.
    1987) ["To establish a
    violation of 26 U.S.C., §7201,
    the government must prove,
    beyond a reasonable doubt, (1)
    the existence of a tax
    deficiency (2) an affirmative
    act constituting an evasion of
    the tax due and (3)
    willfulness."];

<u>United States v. Edwards</u>,
    777 F.2d 644, 650 (11th Cir.
    1985), <u>cert. denied</u>, 475 U.S.
    1123 (1986) [same];

<u>United States v. Carter</u>,
    721 F.2d 1514, 1538 (11th Cir.
    1984) [same]; and

<u>United States v. Garber</u>,
    607 F.2d 92, 94 (5th Cir. 1979)
    [same].

GRANTED     _____

REFUSED     _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

## TAX DEFICIENCY -- DEFINITION

### Defendant's Requested Instruction No. 8

To prove a "tax deficiency," the government must show beyond a reasonable doubt that the Defendant had unreported income for the year in question, and that the income was taxable.

<div align="right">

United States v. Chesson,
933 F.2d 298, 306
(5th Cir. 1991).

</div>

GRANTED     _____

REFUSED     _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

**"WILLFULLY" -- DEFINED**

<u>Defendant's Requested Jury Instruction No. 9</u>

The term "willfully," as used in the Indictment and throughout these instructions, means to act voluntarily and deliberately, with the specific intent, bad purpose and evil motive of violating a known legal duty.

<div style="margin-left:40%">

<u>United States v. Bishop</u>,
412 U.S. 346, 360-361
(1973) [willfulness, in
the context of 26 U.S.C.
§§7201-7207 "generally
connotes a voluntary,
intentional violation of
a known legal duty."];

<u>United States v. Murdock</u>,
290 U.S. 389, 394-395
(1933); and

<u>Cheek v. United States</u>,
498 U.S. 192, 200-201
(1999).

</div>

GRANTED      _____

REFUSED      _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

**WILLFULNESS -- NOT PROVEN BY MERE UNDERSTATEMENT OF INCOME**

<u>Defendant's Requested Instruction No.</u> *10*

"Willfulness," as that term is used in the Indictment and throughout these instructions, cannot be inferred from the mere understatement of income, but rather, must be proven beyond a reasonable doubt by evidence independent thereof.

<u>Holland v. United States</u>,
348 U.S. 121, 139 (1954).

GRANTED        _____

REFUSED        _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

**GOOD FAITH DEFENSE--DEFENDANT'S**
**THEORY OF THE CASE**

Defendant's Requested Instruction No. 11

A good faith, honest misunderstanding of the requirements of the law is a defense to the element of willfulness. If you find that the Defendant's conduct or beliefs were the result of a good faith, honest misunderstanding of the requirements of the law, you must find the Defendant not guilty.

In determining Defendant's good faith, you must apply a subjective standard of good faith. That is, you must determine whether the Defendant actually believed what he says he believed.

It does not matter whether you consider Defendant's beliefs to be reasonable. The only question for you to decide is whether the Defendant's beliefs were honest and in good faith, even if such beliefs are unreasonable.

If you find that Defendant's conduct was the result of mistake, inadvertence or even gross negligence, you must find the Defendant not guilty.

Thus, you must look to the Defendant's actual state of mind and determine whether the Defendant's beliefs were sincerely held by the Defendant, and in good faith. Put another way, the Government must prove beyond a reasonable doubt that the Defendant did not believe what he claims he believed.

Cheek v. United States,
498 U.S. 192, 201 (1991).

(cont.)

<u>United States v. Pabisz</u>,
936 F.2d 80 (2nd Cir. 1991)
[conviction for tax evasion
reversed for failure to give
above instruction, in view of
<u>Cheek</u>].

<u>United States v. Phillips</u>,
217 F.2d 435, 441 (7th Cir.
1954) [the burden is not on the
defendant to show good faith;
rather, it is on the government
to show the contrary criminal
intent).

<u>United States v. Jett</u>,
352 F.2d 179, 182 (6th Cir.
1965) ["...an actual bona fide
misconception of the law will
not result in criminal
liability."].

GRANTED        _____

REFUSED        _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

**MERE FAILURE TO MAKE RETURN OR PAY TAX NOT A VIOLATION
OF 26 U.S.C., §1701 -- AFFIRMATIVE ACT REQUIRED**

**Defendant's Requested Instruction No. 12**

Evidence of the mere failure to file an income tax return or to pay the tax owed does not alone constitute an "attempt to evade and defeat" a tax, as charged in the Indictment. Rather, in order to find the Defendant guilty, there must be proof beyond a reasonable doubt that the Defendant willfully committed some affirmative, positive act in an attempt to evade and defeat the tax due for the particular tax year in question.

<u>Spies v. United States</u>,
317 U.S. 492 (1942).

<u>United States v. Voigt</u>,
89 F.3d 1050, 1090 (3rd Cir. 1996) [simple nonpayment of taxes owed cannot sustain a §7201 conviction].

GRANTED     _____

REFUSED     _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

**TAX EVASION (26 U.S.C., §7201) --**
**MERE POSTPONEMENT OF DISCLOSURE OR**
**PAYMENT NOT "ATTEMPT TO EVADE AND DEFEAT" TAX**

Defendant's Requested Instruction No. _13_

An attempt to merely <u>postpone</u> the disclosure of tax information or the payment of income taxes -- as opposed to escaping from the payment of the tax altogether -- does not constitute an "attempt to evade and defeat" taxes as charged in the Indictment in this case.

<u>Edwards v. United States</u>,
375 F.2d 862, 867 (9th
Cir. 1967).

GRANTED     _____

REFUSED     _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

## COMMENTS BY THE COURT

### Defendant's Requested Instruction No. 14

You should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said [or done] during the trial in arriving at your own decision concerning the facts.

> 11th Circuit Pattern Jury
> Instructions (Criminal),
> 1997, Basic Instr. 4.2,
> p. 19 [excerpt].

GRANTED      _____

REFUSED      _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

**EACH ELEMENT MUST BE ESTABLISHED BEYOND REASONABLE DOUBT**

<u>Defendant's Requested Jury Instruction No. *15*</u>

Unless the government proves, beyond a reasonable doubt, that the Defendant has committed each and every element of a particular offense charged in the indictment, you must find him not guilty of that offense.

> O'Malley, <u>et al.</u>,
> <u>Federal Jury Practice</u>
> <u>and Instructions</u>,
> 5th Ed., §12.10 (excerpt)

GRANTED    _____

REFUSED    _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

**ON OR ABOUT-KNOWINGLY-WILLFULLY**

### Defendant's Requested Inst. No. 16

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

> 11th Cir. Pattern Jury
> Instructions (Criminal),
> 1997, p. 33, No. 9.1

GRANTED _____

REFUSED _____

WITHDRAWN _____

COVERED IN INSTRUCTION NO. _____

**VERDICT NOT TO BE REACHED BY COMPROMISE**

Defendant's Requested Jury Instruction No. 17

You are instructed that you must consider each charge against the defendant separately, and that the finding on each must be based upon the evidence. It is not proper for you to base any verdict on a compromise, rather than on the evidence. In other words, if there is doubt or disagreement among you as to the guilt or innocence of the defendant as to any count, you must not resolve the doubt or disagreement by agreeing to convict on one count, and acquit on another. The verdict on each count must be based upon your unanimous belief as to whether or not the government has met its burden of proof beyond a reasonable doubt as to the count, and it must not be based on compromise.

GRANTED    _____

REFUSED    _____

WITHDRAWN  _____

COVERED IN INSTRUCTION NO. _____