UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6028-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID TRACY,

        Defendant.
_____/



## GOVERNMENT'S OBJECTION TO JURY INSTRUCTION ON GOOD FAITH RELIANCE ON COUNSEL

**COMES NOW** the United States of America, by and through its undersigned Assistant United States Attorney, and files its objection to a jury instruction on good faith reliance on counsel and in support thereof states:

1. In *United States v. Condon*, 132 F.3d 653, 656 (11th Cir. 1998) the Eleventh Circuit held that "[t]o be entitled to a good faith reliance instruction, a defendant must show that (1) he fully disclosed all material facts to his attorney; and (2) he relied in good faith on advice given by his attorney." The Court went on to hold that "'[A]n instruction should not be given if it lacks evidentiary support or is based upon mere suspicion or



speculation.'" Id. at 656. (citation omitted). See also United States v. Johnson, 730 F.2d 683 (11th Cir. 1984)(upholding trial court's decision not to give good faith reliance on expert where the defense was inapplicable to the facts of the case); United States v. Lindo, 18 F.3d 353, 356 (6th Cir. 1994).

2. By the insertion of the words "his attorney" in the quote above it follows, a fortiori, that the Condon Court required that, at the time the advice was rendered, the attorney and defendant were in an attorney-client relationship. This principle was explicitly stated in United States v. Carr, 740 F.2d 339, 346 (5th Cir. 1984) where the Court held that for a defense of advice of counsel to be submitted to the jury, "there must be at least some evidence that the attorney advised the defendant as his counsel." (emphasis added).

3. In this case, the there was no evidence adduced which supports any of the elements necessary for a reliance upon counsel instruction. First, according to defendant's own testimony, his relationship with the attorney, a man whose name he had difficulty recalling on cross examination until he referred to his notes, consisted of attending a seminar that the attorney held and perhaps speaking with him on the telephone on one occasion. There was absolutely no testimony that the attorney was providing this information to defendant while advising him as his counsel. Indeed, the only evidence adduced was to the contrary; defendant

2

admitted on re-cross examination that he never hired the attorney as his lawyer or considered himself the lawyer's client. Further, the defendant admitted that the materials he received from the attorney had disclaimers upon them stating that the attorney could not be held liable for any loss incurred as a result of following the advice contained therein -- something one would not expect had the materials been received by defendant during the existence of an attorney-client relationship.

4. Second, there was no evidence introduced that the defendant relied upon the counsel of this attorney for anything other than the cases that he cited in the correspondences that he mailed to the Internal Revenue Service. Since these correspondences do not form the bases for the affirmative acts set forth in the indictment, defendant's reliance upon using cases provided by the attorney in drafting the correspondences has no relevance to the crimes charged. Indeed, the record is completely devoid of evidence that the defendant relied upon the advice of any attorney when committing any of the affirmative acts charged, i.e., the filing of false W-4 Forms and false income tax returns for the years in question.

5. Third, there is no evidence that the defendant fully disclosed all the material facts of which the defendant had knowledge to *any* attorney, much less his own, nor that he acted strictly in accordance with the advice given by any attorney.

3

6.  The Government submits that because there is a complete lack of evidentiary foundation to support any of the elements of the good faith reliance upon counsel defense, any instruction on this defense would only add unnecessary confusion. Moreover, the Court's *Cheek* instruction more than adequately instructs the jury on the Good Faith defense and defendant is still free to argue to the jury that, in forming his good faith belief, he relied upon information that he received from an attorney.

WHEREFORE, the United States respectfully requests that the Court not issue an instruction the jury on the good faith reliance on counsel instruction.

                                      Respectfully submitted,

                                      THOMAS E. SCOTT
                                      UNITED STATES ATTORNEY

                                      By: _____
                                      MATTHEW MENCHEL
                                      ASSISTANT UNITED STATES ATTORNEY
                                      500 E. Broward Blvd., Suite 700
                                      Fort Lauderdale, Florida 33394
                                      COURT ID No. A5500407
                                      Tel:(954)356-7255; FAX: 356-7336

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via facsimile this 18th day of May, 2000 to Steven Kreisberg, Esq., 3250 Mary Street, Suite 400, Coconut Grove, Florida, 33133, fax (305) 442-0464.

MATTHEW MENCHEL
ASSISTANT UNITED STATES ATTORNEY