**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**
Fort Lauderdale Division

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

David G. Tracy,

    Accused.

_____/

**Case No. 00-6028**
CR-Dimitrouleas

**NIGHT BOX
FILED**

**MAY 1 9 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## MOTION TO DISMISS

**COMES NOW** the David G. Tracy, In Propria Persona, and respectfully moves this Court to dismiss the instant action and quash the indictment upon the following grounds.

### FACTS

1. On May 15, 2000, in open court, I promptly moved, via ore tenus motion, for a dismissal for want of subject matter jurisdiction on grounds that the trial court had failed to formally arraign me as required by Fed.R.Crim.P. 10.

2. Without a hearing, this Court proceeded to summarily deny my motion and then immediately proceeded thereafter to arraign me in open court after a petit jury had been sworn and seated.

3. When I advised the Court that I had never entered a plea, the Court iterated that a plea had been entered for me by the Magistrate Judge.

4. The Court then proceeded under the guise of an "abundance of caution", to enter what it termed as "another not guilty plea" for me, effectively completing the arraignment and then immediately ordered the trial to proceed.

1



5.  Four (4) days later, when the Court actually entered its written order denying my motion to dismiss, the Court, in essence, admitted that it had not arraigned me before trial, by arraigning me after trial commenced. *See Par. 3, Order of May 19, 2000.*

6.  This Court also admitted that I appeared before a Magistrate Court. In that hearing the Magistrate Judge violated Fed.R.Crim.P. 5(c) by entering a not guilty plea for me. *See Par. 4, Order of May 19, 2000.*

### LEGAL ARGUMENT

7.  The instant case must be dismissed as a mater of law on the following two grounds.

8.  First, my constitutional right to procedural and substantive due process were violated when this Court proceeded to trial having failed to comply with the requirements that I be arraigned in open court.

9.  Between the time that the indictment was returned on February 1, 2000 and May 15, 2000, I was never formally arraigned by any court sitting under Article III as required by F.R.Crim.P. 10.

10. Under federal law, an arraignment is *sine qua non* to the trial itself; an essential preliminary step of the proceeding in which the issues to be tried are formulated. *See Hamilton v. Alabama, 368 U.S. 52, 54, n. 4.*

11. The record shows as a matter of fact that I have not been formally arraigned. Not only does this violate Fed.R.Crim.P. 10 and 28 USC §2072(b) it has denied me of my right to substantive due process guaranteed by Amendment V and VI to the U.S. Constitution.

12. The formal arraignment and plea are a necessary part of the proceeding without which there can be <u>no</u> valid trial and judgment. *See Crain v. U.S. 162 U.S. 625, 644.*

2

13. "Neither sound reason nor public policy justifies any departure from settled principles applicable to criminal proceedings... and safety lies in adhering to established modes of procedure devised for the security of life and liberty." *Crain, 644.*

14. Secondly, when this Court did formally arraign me in open Court on May 15, 2000 and then immediately proceeded to trial, the Court violated 18 USC §3161(c)(2), which prohibits a trial to commence less than thirty (30) days from the date on which I first appeared without my consent.

15. Here the trial commenced less than thirty minutes after arraignment and without my consent.

16. Whatever record may show that I appeared before a Magistrate Judge, such proceedings were conducted before a Magistrate Court sitting under Article I, not under Article III and governed by Fed.R.Crim.P. 5(c) which prohibited the Magistrate Judge from calling on me to plea under an indictment.

17. Thus any proceedings that occurred before the Magistrate Court are immaterial to the proceedings before an Article III trial court and any reference to arraignment are irrelevant.

18. Without a formal arraignment, the Court was without jurisdiction to proceed with trial.

19. A motion to dismiss for want of jurisdiction may be brought at any stage of the proceedings and is not limited to pre-trial motions.

### RELIEF REQUESTED

**WHEREFORE** the I respectfully move this Court to enter an order forthwith dismissing the instant action and quashing the indictment for want of jurisdiction and/or for any and such other relief as is just and proper under the circumstances.

### CERTIFICATE OF SERVICE

I hereby certify that on this 17 day of May 2000, a copy of the foregoing was delivered in hand in open court to the persons named below.

Respectfully submitted,

David G. Tracy
PO 11638
Ft. Lauderdale, Florida 33339
Tel: 954-398-3483

### COPIES TO

Matthew Menchel
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394