UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID G. TRACY,   CASE NO. 00-6759-CV-DIMITROULEAS
                  (00-6028-CR-DIMITROULEAS)

Petitioner,

vs.

UNITED STATES OF AMERICA, *et al.*

Respondent.

_____/



### ORDER DENYING WRIT OF HABEAS CORPUS

THIS CAUSE, having been heard upon Petitioner's June 2, 2000 Petition for Common Law Writ of Habeas Corpus and the Court, having presided over the trial of this cause, finds as follows:

1. On February 1, 2000, Petitioner (Tracy) was indicted in three counts of tax evasion.

2. On February 14, 2000, this Court denied Tracy's Motion to Dismiss. [DE-CR-13].

3. On March 10, 2000, this Court held Tracy in contempt of court [DE-CR-23], and he filed a Petition for Writ of Habeas Corpus (00-0366-CV-DIMITROULEAS).

4. On March 13, 2000, this Court released Tracy from custody [DE-CR-24], finding that he had purged himself of the contempt by recognizing that the Court could have appointed a Public Defender to represent him.

5. On March 30, 2000, this Court denied Tracy's Motion to Dismiss [DE-CR-30].

6. On March 31, 2000, this Court denied Tracy's Motion to Stay Pending Review [DE-CR-33].



7. On April 4, 2000, this Court denied Tracy's Motion for Reconsideration [DE-CR-36].

8. On May 10, 2000, this Court denied Tracy's Motion to Stay Proceedings [DE-CR-42].

9. On May 12, 2000, this Court denied Tracy's Motion to Quash Indictment [DE-CR-45].

10. On May 19, 2000, this Court denied Tracy's Motion to Dismiss [DE-CR-56].

11. On May 22, 2000, this Court denied Tracy's Motion to Dismiss [DE-Cr-59].

12. On June 1, 2000, Tracy was found not guilty of Count I, guilty of Count III, and a hung jury resulted in a mistrial as to Court II [DE-CR-69].

13. In this petition, Tracy again repeats many of the issues that the Court had previously ruled upon.[1]

14. Some of the issues raised in this Petition were also raised before the Eleventh Circuit Court of Appeals in Tracy's interlocutory appeal in Case No. 00-11604D. The appellate court did not grant any relief to Tracy in that petition.

15. The matters about which Tracy complains in this Petition can be the subject of an appeal in this case.

16. Tracy was found guilty of tax evasion. It was argued at the time of the verdict that Tracy was facing a guideline range of 12-18 months in prison.[2] 18 U.S.C. § 3143(a)

---

[1] Tracy categorizes this Petition as one under 28 U.S.C. § 2241, but it really is a petition under 28 U.S.C. § 2255, as it questions the legality of a sentence. Hernandez v. Campbell, 204 F.3d 861 (9th Cir. 2000).

[2] The Court recognizes that the range could be determined to be higher or lower after a Pre-Sentence Investigation Report has been completed.

2

authorizes detention unless the judge finds by clear and convincing evidence that Tracy is not a danger to flee and that he does not pose a danger to the safety of any other person or the community.[3] On June 1, 2000, this Court denied defense counsel's *ore tenus* motion for release without prejudice to his filing a motion. No such motion has been filed. The Court has not been asked to make those findings by clear and convincing evidence. The detention is appropriate at this time. Tracy's complaints about counsel are insufficient upon which to base any relief. He has no right to representation by non-lawyers, non-Florida Bar admitted lawyers, or laymen. United States v. Thibadeaux, 758 F.2d 199, 201 (7th Cir. 1985); United States v. Martin, 790 F.2d 1215, 1218 (5th Cir. 1986); United States v. Price, 798 F.2d 111, 113 (5th Cir. 1986).

18.  Tracy never asked to represent himself.[4] Tracy was never denied an opportunity to participate in the proceedings. The Court never precluded his filing motions, making arguments, or addressing the Court.[5]

19.  Tracy complaints about Mr. Kriesberg are conclusory and insufficient upon which to base any relief. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

20.  Mr. Kriesberg's representation was anything but ineffective. He achieved an acquittal on one count and a hung jury on another. Any medical problems that Mr. Kriesberg

---

[3]     Release is no longer favored once guilt of a crime has been established. There is a presumption against release which the defendant must overcome. United States v. Bowman, 98 F.3d 1343, 1996 WL571135 (6th Cir. 1996).

[4]     The right to self-representation attaches only if it is asserted "clearly and unequivocally." Faretta v. California, 422 U.S. 806, 835 (1975). However, the right to counsel is preeminent over the right to self-representation. The right to counsel attaches automatically; while the right to self-representation does not attach itself until it is asserted. Stano v. Dugger, 921 F.2d 1125 (11th Cir. 1991).

[5]     The Court could have appointed Mr. Kriesberg as stand-by counsel. United States v. Taylor, 569 F.2d 448, 452 (7th Cir. 1978), cert. denied, 98 S.Ct. 1581 (1978).

3

was or is suffering from did not affect his effectiveness at trial. Kelly v. United States, 820 F.2d 1173 (11th Cir. 1987).

WHEREFORE, the Petition for Writ of Habeas Corpus is DENIED.

The Clerk shall close this case.

DONE and ORDERED at Ft. Lauderdale, Broward County, Florida, this 5 day of June, 2000.

WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

cc: **David Tracy, #55191-004**
F.D.C.
33 N.E. 4th Street
Miami, Florida 33132
**Matthew Menchel, AUSA**
**Steven Kriesberg, Esq.**
3250 Mary Street
Coconut Grove, Fl 33133

4