UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6028-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

         Plaintiff,

v.

DAVID TRACY,

         Defendant.
_____/

**NIGHT BOX FILED**

JUN 2 1 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING AND OR APPEAL

**COMES NOW** the United States of America, by and through its undersigned Assistant United States Attorney, and files its response to defendant's pro se motion for release pending sentencing and/or appeal dated June 15, 2000 and defendant's motion for release pending sentencing filed by defendant's attorney and dated June 16, 2000 and in support thereof states:

1. On June 15, 2000, defendant filed a pro se motion for release pending sentencing and/or appeal.[1] On June 16, 2000,

---

[1] The government never received this motion from defendant and was unaware of its existence until the Court's order directing the government that it had five days in which to respond.



defendant's counsel also filed a motion styled as a motion for release pending sentencing. This response is intended for both motions.[2]

2. Since defendant was allowed to remain on bond prior to trial, 18 U.S.C. § 3143(a)(1) provides that the Court "order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence ... be detained, *unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community...*"[3] Emphasis added.

3. While the Government concedes that the defendant is not likely to pose a danger to the safety of any person or the community, the defendant has not established by clear and convincing evidence that he is unlikely to flee if he is released pending sentence. On the contrary, defendant has asserted in several pre-trial motions and writs that he does not recognize the jurisdiction of this Court and in one writ he referred to the Court

---

[2] However, because defendant has yet to be sentenced, the portion of defendant's pro se motion that addresses release pending appeal is premature and therefore does not merit a response at this time.

[3] Defendant was released prior to trial on an unsecured appearance bond in the amount of $75,000 and with two additional conditions imposed in addition to the standard conditions of bond. First, defendant was required to surrender all passports and travel documents to the Pretrial Services Office of the Court. Second, defendant was required to report to the Pretrial Services Office once a week by phone and once a month in person.

2

as "terroristic." See Defendant's March 16, 2000, Petition For Writ of Habeas Corpus, Case #00-6366 CIV-DIMITROULEAS, page 16. Further, defendant refused to answer questions put to him by the Court about self representation or counsel which resulted in the Court holding the defendant in direct criminal contempt and incarcerating him for several days. By repeatedly demonstrating a disrespect for the lawful authority and jurisdiction of the Court, defendant has cast serious doubt on whether he will voluntarily surrender to the jurisdiction of the Court at the time of his sentencing.

4. Equally important, the Government has become aware during the course of its investigation that the defendant owns property in Mexico. Notably, the defendant withheld this fact from the Pre-trial Services office at the time of his initial interview and throughout the period he was under that office's supervision. Now that defendant has become aware that the Government knows of this property's existence, he has attempted to minimize its significance by claiming that the property is merely a vacant lot. This claim is belied by interviews that the Government has had with several employees for the City of Hallandale. These employees told an IRS agent that the defendant claimed that he has a home on the property. Further, one of the employees also stated that the defendant indicated that he eventually intends to move to Mexico as

3

a permanent residence.[4]

5. Given these facts and that the defendant is facing a potential prison sentence, the Government respectfully submits that the defendant has not met his burden of demonstrating by clear and convincing evidence that he is not a serious flight risk if he is allowed to remain free pending sentence.

WHEREFORE, the United States respectfully requests that the defendant's motions for release pending sentence be denied.

>Respectfully submitted,
>
>THOMAS E. SCOTT
>UNITED STATES ATTORNEY
>
>By: [signature]
>MATTHEW MENCHEL
>ASSISTANT UNITED STATES ATTORNEY
>500 E. Broward Blvd., Suite 700
>Fort Lauderdale, Florida 33394
>COURT ID No. A5500407
>Tel:(954)356-7255; FAX: 356-7336

---

[4] Although the defendant had previously surrendered his passport, United States citizens are not required to have passports in order to gain entry into Mexico.

4

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via facsimile and United States Mail this 21st day of June, 2000 to Steven Kreisberg, Esq., 3250 Mary Street, Suite 400, Coconut Grove, Florida, 33133, fax (305) 442-0464.

                                              MATTHEW MENCHEL
                                              ASSISTANT UNITED STATES ATTORNEY