UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-6028-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID G. TRACY,

    Defendant.
_____/

FILED by _____ D.C.

JUL 27 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**DEFENDANT TRACY'S OBJECTIONS AND CLARIFICATIONS
TO PRE-SENTENCE INVESTIGATION REPORT
AND INCORPORATED MEMORANDUM OF LAW**
Florida Bar No. 166819

The Defendant, DAVID G. TRACY, through undersigned counsel and pursuant to §6A1.2 of the Federal Sentencing Guidelines Manual [U.S.S.G.] and Federal Rule of Criminal Procedure 32(b)(6)(B), respectfully files the following objections and clarifications to the Pre-Sentence Investigation Report [P.S.I.] prepared herein by the United States Probation Department:

    **I.   PART A -- The Offense Conduct -- Para. 5**

In this paragraph the P.S.I. characterizes TRACY as "the leader of the group who advocated tax protestor activities within the Hallandale Fire Department." This characterization is false and should properly, in the interest of accuracy and fairness, be excised from the P.S.I.

The fact of the matter is that the "group" included three individuals -- TRACY, JOHNNY POWELL and MARK NEUROHR - all of whom

CASE NO. 98-777-CR-DIMITROULEAS

were simultaneously and separately indicted. TRACY was <u>not</u> the "leader" of this "group," however, as both POWELL and NEUROHR began their "protest activity" well before Mr. TRACY did, and they began to cease payment of federal income taxes as far back as 1992. NEUROHR, in fact, was the one that convinced <u>TRACY</u> to follow this course and provided him with the printed materials that lent doctrinal support to his conversion.

Undersigned counsel has discussed this with A.U.S.A. Matthew Menchel, who agreed that TRACY was not and should not be characterized as the "leader."

II.  **PART A -- The Offense Conduct -- Para. 13**
     **Victim Impact -- Para. 14**
     **Offense Level Computation -- Paras. 17 and 25**

The P.S.I., in determining the relevant conduct and in computing the Base Offense Level, includes in the alleged "loss" amount taxes which were supposedly due from tax years 1993 through 1998, inclusive. The alleged cumulative sum of all of those years comes out to $70,588, which would yield a BOL of 14 [more than $70,000 -- as per U.S.S.G. §§2T1.1 and 2T4.1(I)].

The inclusion of all of these years in the computation would not be proper, however. First of all, as to 1993, the testimony at trial was that the taxes, interest and penalties due for that tax year were <u>fully</u> <u>paid</u>, through income tax withholding and the execution of a tax lien garnishment on Mr. TRACY's salary.

Secondly, as to 1994, TRACY was acquitted of tax evasion -- the jury obviously finding that he lacked the necessary bad faith intent to criminally evade taxes owed for that year. Thirdly, as to years other than 1996, the government cannot show by the necessary preponderance of the evidence that TRACY had the necessary mens rea to be criminally liable for those years. See, eg., Cheek v. United States, 498 U.S. 192 (1991) [a good faith, honest misunderstanding of the requirements of the law is a defense to criminal tax evasion charges, even if the Defendant's belief was an objectively unreasonable one].

In any event, the parties have agreed and stipulated that only the taxes evaded for 1996 -- i.e., $28,353 -- should be included in the tax loss amount for sentence computation purposes. Please see executed "Pre-Sentence Agreement" attached hereto as Exhibit "A."

This amount would yield both a Base and Total Offense Level [P.S.I., Paras. 17 and 25, respectively] of **12**, as per U.S.S.G. §2T4.1(G) [tax loss of more than $23,500 but less than $40,000]. This, in turn, would yield a custody guideline range [P.S.I., Para. 55] of **10-16 months**.

### III. PART A -- Adjustment for Obstruction of Justice -- Para. 15

The P.S.I. does not impose an enhancement for obstruction of justice, though originally the government advocated that such an enhancement would be proper. The government, however, has since agreed to withdraw its request for such an enhancement. See

3

CASE NO. 98-777-CR-DIMITROULEAS

Exhibit "A."

### IV. PART C -- Personal and Family Data -- Para. 35

The P.S.I. erroneously indicates that Mr. TRACY and his first wife (Janice) married on October 12, 1986 -- which was actually the date of his marriage to his present spouse (Bonnie). 1973 is the proper date of TRACY's first marriage.

**WHEREFORE**, based on the facts and authorities set forth above and the stipulation of the parties (Exhibit "A"), it is respectfully moved that the P.S.I. be amended as requested above.

Respectfully submitted,

*[signature]*
Steven E. Kreisberg
Attorney for Defendant
Florida Bar No. 166819
3250 Mary Street
Suite 400
Coconut Grove, FL 33133
(305) 442-4333

Attachment -- Exhibit "A"

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 25th day of July, 2000, to A.U.S.A. Matthew Menchel, c/o U.S. Attorney, 99 NE 4th Street, Miami, FL 33132 and to U.S.P.O. Maria Monge, c/o U.S. Probation Office, 300 NE First Avenue, Room 315, Miami, FL 33132-2126.

*[signature]*
Steven E. Kreisberg

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6028-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID G. TRACY,

    Defendant.
_____/

### PRE-SENTENCE AGREEMENT

The parties hereto, in the interest of resolving the existing sentencing issues in this case and bringing an expeditious and final closure to the litigation, hereby stipulate and agree as follows:

    1. The parties jointly agree and stipulate that:

        a. The relevant conduct to be used in computing the Defendant's Base Offense Level, as per U.S.S.G. §2T1.1, is a tax loss of $28,353 -- i.e., the amount of taxes evaded for the tax year as to which the Defendant was convicted (1996 -- Count III). This yields an Offense Level of 12 (tax loss of more than $23,500 but not more than $40,000, as per U.S.S.G. §2T4.1), with custody guidelines of 10-16 months; and

        b. They will recommend to the Court that a sentence of ~~confinement~~ *imprisonment* of thirteen (13) months be imposed. *[handwritten: AK ✓]*

    2. The United States further agrees that it will not seek a sentence enhancement for obstruction of justice under U.S.S.G.



EXHIBIT "A"

CASE NO. 98-777-CR-DIMITROULEAS

§3C1.1.

3. The Defendant, DAVID TRACY, further agrees as follows:

    a. In the event that the Court accepts the stipulations and recommendations contained herein, he voluntarily waives his right to appeal his conviction and sentence, as well as his right to seek post-conviction or collateral relief under any provision of law;

    b. Not to seek a downward adjustment for acceptance of responsibility under U.S.S.G. §3E1.1, or a downward sentencing departure from the applicable guideline range;

    c. To resolve the matter of payment of taxes and interest due to the United States for any year in which he has an outstanding tax liability; and

    d. That he acknowledges his conduct was without ~~adequate~~ legal basis, and that he intends to comply with his future tax obligations to the United States.

SIGNED AND DATED this 24th day of July, 2000.

GUY LEWIS
UNITED STATES ATTORNEY

By: Matthew Menchel
Assistant U.S. Attorney

DAVID TRACY, Defendant

Steven E. Kreisberg
Attorney for Defendant

2