```
                                              AUG 17 2000
                                                                UNITED STATES DISTRICT COURT
                                                                SOUTHERN DISTRICT OF FLORIDA
                                              CLARENCE MADDOX
                                              CLERK U.S. DIST. CT.
                                              S.D. OF FLA. FT. LAUD.
                                                                CASE NO. 00-6028-CR-DIMITROULEAS
```

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID G. TRACY,

    Defendant.

_____/

## DEFENDANT'S EXTRAORDINARY WORK RECORD, COMMUNITY SERVICE, AND SERVICE TO COUNTRY

### I. Military Service

Defendant served in the United States Army from March of 1965 to February 1968. He was assigned to a combat ready nuclear missle unit as part of the NATO forces in Europe. The duty was extremely difficult due to the need to deploy this mobile unit throughout the northern region of the Italian Alps.

During defendant's tour of duty he also volunteered for combat service in Viet Nam.

### II. Work History

Defendant completed a twenty five year career in the fire service with the City of Hallandale Beach, in Broward County, Florida beginning on December 6, 1971 thru November 30, 1996. During these twenty five years of service the defendant contributed to the community and to the fire organization well above the normal standard expected from fire personnel. The following are highlights of some of these contributions to both the City of Hallandale Beach citizens, and the fire organization itself.

a. Completion of an A.S. degree in Fire Service Administration / Technology.

b. Completion of a B.S. degree in Labor Relations & Manpower Studies at Florida International University. (Defendant was also a member of the Student Government Association)

c. Served as President, Vice President, and Treasurer of the Hallandale Firefighters Local 2238 of the International Association of Firefighters. While active in these



elected positions defendant served without compensation to contribute to the efforts to maintain a harmonious relationship between labor and management using the knowledge gained through studies at Florida International University. In addition to the day to day responsibilities of interacting with management to settle labor disputes such as grievances filed by firefighters, the defendant also was the chief negotiator for the collective bargaining agreement's between the City of Hallandale Beach and the Firefighter's Union.

d. Served as President, Vice President, and Trustee for the Hallandale Firefighter's Benevolent Fund with funds in excess of $250,000.00. The defendant help direct funding which benefited members of the community who had experienced fire loss as well as families less fortunate at Christmas to have gifts they otherwise would not receive.

e. Was elected and served on the Hallandale Police Officers and Firefighter's Municipal Pension Plan. As a Trustee the defendant served along side with the City Mayor as well as the Police Chief and Fire Chief. Upon completion of term he received a letter of appreciation from the Mayor and sighed by the Board of Trustees.

f. Defendant became a Hazardous Materials Specialist who helped develop First Responder procedures throughout the 29 municipalities of Broward County.

g. Defendant was tasked with Hurricane Prepareness Liaison for the City of Hallandale Beach whos duties included community education primarily within the condominium community. During actual storm watch periods he was assigned to the Broward County Emergency Operations Center to represent the cities needs during activation. His assignments date back as far as Hurricane David to as recent as Hurricane Irene.

### III. Community Service

a. After retirement from the fire service defendant began volunteer work for the Broward County Chapter of the American Red Cross. One of the services provided is the Disaster Action Team (DAT). These members respond to single family or multi-family emergencies such as fires or water damage which result in displacement of residence. The DAT then places these families into temporary housing including food and clothing vouchers.

needs, defendant also provided training for Community First Aid and CPR as a Red Cross Instructor. With the experience gained through emergency management positions within the fire service defendant was the lead representative for the Broward County Red Cross to the Broward County Emergency Operations during activation for Mass Care and Shelter management. Within a short period of time defendant was asked to co-chair the Disaster Committee for the Broward County Chapter of the American Red Cross whos responsibilities was to oversee all activities relating to emergency response and service to Broward County.

After serving for several months in various leadership roles within the Broward County Chapter the National Red Cross in Washington D.C. requested the services of the defendant to serve in like capacity on national disasters. The following are but a few of the operations which defendant served in an outstanding manner as the 'Job Evaluations' received at the close of assignment document;

    a. Florida Wild Land Fires
    b. Hurricane Georges – Florida Keys Operation

                  West Florida (Pensacola) Operation

                  Puerto Rico Operation

    c. Los Vegas Floods
    d. Iowa Floods
    e. Hurricane Floyd – Florida Operation

                  Maryland Operation

                  Delaware Operation

                  N.C. Operation

    f. The Kosovo Refuge Resettlement Operation at Fort Dix New Jersey

The defendant was a member of a select group trained on the National Red Cross Air Disaster Response Team who is tasked to respond with the N.T.S.B. on all commerical air disasters. The defendant was working the Air Alaska disaster on January 31, 2000 when he was contacted by the IRS at which time he returned to Fort Lauderdale to surrender himself.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6028-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID G. TRACY,

    Defendant.

_____/

### Cases Cited by Defendant in Support of Downward Departures/PSR

1. **U.S. v. Delpit** 94 F 3d 1134 (8th Cir. 1996) Convicted for various crimes arising out of drug conspiracy and gang rivalry.

#### 60. Criminal Law 986.4(1), 1313(1)

Presentence report (PSR) is not legally sufficient basis for making findings on contested issues of material fact, since government must prove, by preponderance of evidence, all facts relied on by sentencing court.

#### 61. Criminal Law 986.4(1)

When defendant disputes material facts in presentencing report (PSR) sentencing court must either refuse to take those facts into account or hold evidentiary hearing; such rule reflects court's concern that disputed statements in PSR might lack indicia of reliability and trustworthiness required by preponderance-of-the-evidence standard.

2. **U.S. v. Pickering** 178 F 3d 1168 (11th Cir. 1999) Corviction on Armed Bank Robbery and use of a Firearm.

**(6) at 1173** We recognize that the Sentencing Commission has not forclosed the possibility of an extraordinary case, that, because of a combination of characteristics or circumstances that are not ordinarily relevant to a departure from the "heartland" cases covered by the guidelines in a way that is important to the statutory purposes of sentencing, even though none of the characteristics or circumstances individually distinguishes the case. U.S.S.G. § 5K2.0

Corrupt Payments to Public Officials.

**(3)** When considered with other factors, defendant's service to his country and community supported downward departure

### 2. Criminal Law 1291

If factor is a discouraged one, or an encouraged factor already considered by applicable Guidelines, a court should depart downward from Sentencing Guidelines only if factor is present to an exceptional degree. U.S.S.G. § 5K2.0 p.s., 18 U.S.C.A.

### 3. Criminal Law 1263

Courts may depart from Sentencing Guidelines based upon either an individual factor or a number of factors combined. U.S.S.G. § 5K2.0 p.s., 18 U.S.C.A.

### 8. Criminal Law 1297

When considered with defendant's age, and poor physical and mental health, 76 year old defendant's service to his service to his country and community supported downward departure from Sentencing Guidelines; defendant was an officer in Air Force during World War II and had given both his time and money to numerous charitable organizations. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

4.      **U.S. v. Rybicki** 96 F 3d 754 (4th Cir. 1996) Defendant convicted of conspiracy and perjury.

### Criminal Law 1263

Discouraged factors under Sentencing Guidelines are not ardinarily relevant but may be relied upon as bases for sentencing departure in exceptional cases, in which factor is present to exceptional degree or in some other way that marks case different from ordinary case in which factor is present. U.S.S.G. § 5H1.2 p.s. 5H1.6, p.s., 5H1.11, p.s., 18 U.S.C.A.

### 12. Criminal Law 1262

Although Sentencing Commission expects sentencing departures based on unmentioned factors under Sentencing Guidelines to be highly infrequent, such factors may justify departures when structure and theory of both relevant individual guidelines and Guidelines taken as a whole indicate that they take case out of applicable guideline's heartland. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

4. cond. **U.S. v. Rybicki** 96 F 3d 754 (4th Cir. 1996)

**12  Criminal Lwas 1263 cond.**

**Page 758**

U.S.S.G. § 5H1.11 (Military, Civic, or Charitable, or Public) are "' not ordinarily relevant'" but may be relied upon as bases for departure "'in exceptional cases'," e.g., where "the factor is present to an exceptional degree or in some other way (that) makes the case different from the ordinary case where the factor is present." Koon____U.S. at ____, 116 S. Ct. at 2045. (quoting U.S.S.G. ch.5, pt. H, intro. comment.)

5.   **U.S. v. Rioux** 97 F 3d 648 (2nd Cir. 1996) Defendant convicted on Travel Act and Scheme to commit Extortion.

**(5)** Court properly departed downward at sentencing on the basis of defendants health and community contributions. AFFIRMED.

**31. Criminal Law 1297**

Physical condition is not ordinarily relevant to determining whether defendant should receive departure from applicable guideline range, but extraordinary physical impairment may be reason enough to impose sentence below the guideline range, if the condition renders the defendant seriously infirm. U.S.S.G. § 5H1.4, 18 U.S.C.A.

**32. Criminal Law 1297**

Civic, charitable, and public service and similar prior good works are not ordinarily relevant in determining whether defendant should receive downward departure, but district court may downwardly depart in extraordinary case when a number of factors which, if individually considered, would not permit downward departure combine to create a situation that differs significantly from the heartland cases covered by the guidelines. U.S.S.G. §§ 5H1.11, 5K2.0, comment., 18 U.S.C.A.

**NOTE:**  In the Rioux case the initial SGL was 20. The PSR recommended an increast from 20 to 24. The sentencing Judge downwardly departed to 10. The result was 3 years probation, 6 months house arrest, 500 hours community service, and a $100 assessment.

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the forgoing was mailed this 13 day of August, 2000, to Steven E. Kreisberg, Attorney-at-Law, 3250 Mary Street, Coconut Grove, FL 33133.

David G. Tracy, Defendant
c/o Federal Detention Center
Reg. NO. 55191-004
Miami, FL 33101-9120