# 01-6167
## CIV - DIMITROULEAS

MAGISTRATE
SORRENTINO

### VERIFIED MOTION FOR WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C. § 2255

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6028-CR-Dimitrouleas

UNITED STATES OF AMERICA,
Plaintiff,

vs.

DAVID G. TRACY,
Defendant.

David G. Tracy
In Propria Persona
Reg. No. 55191-004
FPC Pensacola
110 Raby Avenue
Pensacola, Florida 32509-5127

cat / div _B: BROWARD_
Case # _001CV6167_
Judge _WPD_    Mag _CHS_
Motn Ifp _____ Fee pd $ _____
Receipt # _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                    CASE NO. 00-6028-CR-Dimitrouleas

DAVID G. TRACY,

    Defendant-Petitioner.

_____/

# VERIFIED MOTION FOR WRIT OF HABEAS CORPUS INCLUDING INCORPORATED MEMORANDUM OF LAW

DAVID G. TRACY, (hereinafter "Mr. Tracy"), appearing in Propria Persona, hereby files the instant petition asking this honorable Cour to make a prompt inquiry into the legality of his detention pursuant to an Indictment by a Grand Jury and guilty verdict of a Petit Jury after a trial conducted before this Court.

1.    Presently, Mr. Tracy's Liberty is being unlawfully restrained contrary to the Bill of Rights and without due process of law in violation of Amendments V, without his right to know the nature and cause of the accusation against him in violation of Amendment VI; by the imposition of cruel and unusual punishment in violation of Amendment VIII, and by the imposition of involuntary servitude in violation of Amendment XIII.

## JURISDICTION

2.    This is a motion for the issuance of a Writ of Habeas Corpus *instanter*. Presently there exists no Rebellion or Invasion of the Public, nor has the Executive declared that the Privilege of the Writ of Habeas Corpus has been suspended. Mr. Tracy thus invokes the jurisdiction of this honorable Court pursuant to Art. I Sec. 9 of the United States Constitution and 28 U.S.C. § 2255.

## DEFENDANT'S STANDING UNDER 28 U.S.C. § 2255

3.    Mr. Tracy is a citizen of the United States presently in custody of the Respondent under a sentence imposed by this Court and being restrained of his Liberty under the color of federal law. Mr. Tracy alleges that the sentence was imposed in violation of both the laws and the Constitution of the United States and under the color of the authority of the laws of the United States. Mr. Tracy further alleges, *infra*, that the sentencing court was without subject matter jurisdiction to impose the sentence.

4.    There has been no prior proceeding in which the legality of Mr. Tracy's restraint of his Liberty has been adjudged based upon the facts set forth herein.

## INTRODUCTION

5.    Mr. Tracy urgently contends that his prosecution by the Government, as well as the subsequent sentence imposed by the trial court, was wholly unlawful because they were based upon a legally insufficient Indictment, which deprived the court of jurisdiction over both his person and the subject matter. Specifically, the Indictment failed to allege facts that constituted the crimes with which he was charged by failing to allege the essential elements of each crime.

6.    To the extent that the Indictment failed to allege a crime against Mr. Tracy, it was not a lawfully returned Indictment by a Grand Jury nor did it vest the trial court with jurisdiction to allow the Government to bring the matter to trial. Therefore, Mr. Tracy now seeks a Writ of Habeas Corpus upon this Court's finding that the Indictment was indeed legally insufficient and an order that his sentence be vacated and the charges brought against him be dismissed with prejudice.

7.    Petitioner is presently in custody of the United States Government at the Federal Prison Camp in Pensacola, Florida.

## PROCEDURAL BACKGROUND

8.    On January 2, 2001, Mr. Tracy filed a Motion for Writ of Habeas Corpus (Case Number 01-CV-6001) which the Court subsequently dismissed on January 17,.2001 for want of jurisdiction because Mr. Tracy had filed a Notice of Appeal from the judgment of the trial court. On the same day, Mr. Tracy filed a Motion for Voluntary Dismissal of his direct appeal with the 11th Circuit Court of Appeals, which was subsequently granted before the filing of the instant motion. Thus the trial court once again has jurisdiction over the instant action and the filing of the instant motion is both timely and proper.

## FACTUAL BACKGROUND

9.    On February 1, 2000, the Accused was indicted on three Counts of violating Title 26 Section 7201 for allegedly evading and defeating income taxes owed to the United States for the years 1994, 1995, and 1996 respectively.                                    .

10.    When the matter was submitted to the jury, the trial court did not instruct the jury on the elements that constituted a crime of tax evasion and, more particularly, it did not instruct the jury that it was required to find fact that a tax deficiency existed before it could return a guilty verdict. Nevertheless, the jury did return a guilty verdict on June 1, 2000 under Count 3 for 1996 and on August 18, 2000 the trial court sentenced the Petitioner to a term of eighteen (18) months in federal prison. Although the Defendant failed to challenge this fact at trial, the Government never produced any evidence that a tax deficiency existed and the Defendant raised that very issue during the sentencing hearing. In spite of the lack of evidence by the Government showing that a lawful tax *deficiency* existed, the trial judge still directed the jury to return a verdict, which it did, and which the Defendant contends is a nullity as a matter of law.

11.    The Defendant herein argues, *inter alia*, that he had an absolute right for the jury to make a factual determination of whether the Government proved the existence of a ***deficiency*** as one of the essential elements of the crime with which he was charged, which right was denied to him. The Defendant further argues that the trial court judge was not only prohibited from directing the jury to return a verdict without first being able to prove the existence of a ***deficiency***, but that the trial court judge was prohibited from entering a judgment of conviction against him.

## LEGAL ARGUMENT

12.    Stripped of all its conjecture, Count 3 of the Indictment failed to make even a prima facie case but in particular was rendered fatally defective for the following reasons:

a.    That it failed to allege facts sufficient to constitute an offense against the laws of the United States;

b.    That it violated the Fifth and Sixth Amendments to the Constitution by failing to allege every element of the crime of tax evasion;

c.    That it alleged facts that were not elements of the crime of tax evasion; and

d.    That it charged the Defendant with a penalty provision of Title 26, rather than a separate substantive offense.

13.    Section 7201 of Title 26 with which the Defendant was charged, reads in pertinent part, as follows:

**"Any person** who willfully attempts in any manner to evade or defeat **any tax imposed by this title** or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution."

14.    The first three (3) elements that constitute a proper tax evasion charge under 26 U.S.C. § 7201 are as follows::

---

a.   The existence of a tax **deficiency**. *See Sansone v. United States, 380 US. 343, 351 (1965); Spies v. United States, 317 US. 492, 498-99 (1943); Lawn v. United States, 355 US. 339, 361 (1958);*

b.   An **affirmative act** with the intent to evade payment of taxes. *See Sansone, Spies, supra.,* and

c.   **Willfulness**. *See Cheek v. United States, 498 US. 192, 195 (1991); United States v. Pomponio, 429 US. 10, 12 (1976); United States v. Bishop, 412 US. 346, 359 (1973), Sansone v. United States, 380 US. 343, 351 (1965); Holland v. United States, 348 US. 121, 139 (1954).*

15.   Additionally, there are two (2) other elements that constitute the crime of tax evasion, which are:

a.   That the Defendant was a "person" within the meaning of Section 7343 of Chapter 75 of the Internal Revenue Code; and

b.   Allegations of what tax was imposed and by what section or sections of Title . 26 that the Defendant was charged with willfully attempting to evade and defeat.

I.

## Tax Deficiency

16.   The touchstone of a felony charge of tax evasion is the existence of a tax ***deficiency,*** which in this case the Indictment failed to allege. *See United States, supra; Lawn v. United States, supra; United States v. Bethea, 537 F 2d 1187 (4th Cir. 1976); United States v. Baum, 435 F 2d 1197 (7th Cir. 1970), United States v. Wilkins, 385 F 2d 465 (4th Cir. 1967); United States v. Moody, 339 F 2d 161 (6th Cir. 1964); Sherwin v. United States, 320 F2d 137 (9th Cir. 1963); Kowalsky v. United States, 290 F2d 161 (5th Cir.1961); Willingham v. United States, 289 F 2d 283 (5th Cir. 1961); See also, United States v. Horton, 526 F. 2d 884 (5th Cir. 1976), United States v. Burrell, 505 F 2d 904 (5th Cir. 1974).*

17.     Section 8.05 of the United States Attorneys' Tax Manual even instructs prosecutors that a tax *deficiency* is a necessary element of an evasion case and that without a *deficiency* there can be no evasion case, but possibly a failure to file case instead.

### 8.05 ADDITIONAL TAX DUE AND OWING

"A tax *deficiency* is a critical element of an evasion case. The absence of a tax *deficiency* means that there may be a false return case, or some other kind of case, but not an evasion case."

18.     The Internal Revenue Code (the "Code") clearly mandates that the IRS determine that there is a tax *deficiency* when it states "For purposes of this section - (1) The tax imposed by subtitle A and the tax shown on the return **shall be determined...**" *26 U.S.C. § 6211 (b)(1)*. (Emphasis added). In spite of these facts, the Indictment still failed to allege the existence of a tax *deficiency* for any year at issue and instead alleged many other facts, most of which are not even elements of the crime that was charged.

19.     The term *deficiency* is "a characteristic term under tax laws for an *additional amount* owing by a taxpayer." *Ballentine's Law Dictionary (3rd Ed.)*. Linguistically, the phrase "additional amount" implies that an amount existed before the determination of the *deficiency* at issue. Once a *deficiency* is lawfully assessed, the IRS must then give notice to the person liable for the unpaid tax stating the amount and demanding payment thereof within 60 days. *26 U.S.C. §6203 (a)*. To establish a *deficiency*, the IRS must consider information that relates to a particular taxpayer before it can claim that he has determined a *deficiency,* otherwise it would entail ignoring or judicially rewriting the plain language of the Internal Revenue Code. *See Scar v. Commissioner of Internal Revenue, 814 F 2d 1363 (9th Cir. 1987)*.

20.     A *deficiency* is not only an essential element of any tax evasion charge, it is a term statutorily defined as something that can only arise by operation of law as prescribed by 26 U.S.C. § 6211 and 26 C.F.R. Part 301.6211-1, and comprising the following elements of its own:

a.     A **tax return** that shows a tax calculated by the taxpayer[1]; and

---

[1] Where no tax return was filed, the Code provides for the IRS to *presume* that there was a tax return showing an amount of *zero* tax. See 26 C.F.R. Part 301.6211-1.

    b.    A **previous assessment** or evidence of payment made without an assessment; and

    c.    Evidence that the amount of the tax *deficiency* <u>exceeds</u> the combined amounts of tax on the taxpayer's tax return, any **previous assessments, and** payments collected without assessment. (Emphasis added).

21.    Not only did the Indictment fail to allege the existence of a *deficiency*, it failed to use any language of similar import that alleged facts to reasonably construe that a *deficiency* actually existed. Specifically, it did not allege:

    a.    That the IRS had determined a tax *deficiency* as statutorily required by 26 USC § 6211 (b)(1);

    b.    That any tax was ever **assessed** as statutorily required by 26 USC § 6203 and 26 CFR Part 301.6203-1; or

    c.    That notice demand for payment of tax was ever made upon the Defendant as statutorily required by 26 USC § 6303.

22.    All of these facts are statutory conditions precedent under the Code to the existence of a tax liability and thus to a *deficiency*.

23.   By way of historical review, in the Revenue Act of 1918 the term *deficiency* first appeared but was not formally defined, although it appeared in various provisions dealing with underpayments and overpayments of tax referring to the difference between the amount due and the amount already paid. *See Lang v. U.S., 423 U.S. 161, 96 (1976)*. *Deficiency* was then used synonymously with the word "understatement," and it is clear from the context that neither word was being used then as a term of art. *Id.* Later, in the 1921 Revenue Act, *42 Stat 227 et. seq.*, the 1918 language was left largely unchanged, except that after the reference to the difference between the amount paid and the amount due, Congress added the parenthetical expression "(hereinafter called 'deficiency'), and from that point on replaced all references to "understatement" with the word "deficiency." *Id.* Today, a *deficiency* means the result of the IRS *imposing a tax* upon the taxpayer *higher than what was reported on the taxpayer's tax return. See Estate of Bessie I. Mueller v. Commissioner of Internal Revenue, 153 F. 3d 302 (6th Cir. 1998).* (Emphasis added).

24.   Contrary to the opinions of two circuit courts, a *deficiency* does not (because it can not) arise at the time of receipt of taxable income by a taxpayer or the date upon which a taxpayer is required to file a tax return. *See U.S. v. Hogan, 861 F. 2d 312 (1st Cir. 1988); U.S. v. Dack 747 F.2d 1172 (7th Cir. 1984).* By law, it can only arise according to the procedure set forth in the Code as discussed supra. *See 26 USC § 6211 and 26 CFR Part 301.6211-1.*

25.   Concerning the relationship between a criminal prosecution for tax evasion and the necessity for a *deficiency*, the Court in *United States v. England, 347 F.2d 425 (7th Cir. 1965) citing Bull v. United States, 295 US. 247, 259, (1935),* stated as follows:

> "**Certainly one of the primary purposes of the Internal Revenue Service in making a determination as to a tax assessment or a tax deficiency is to prepare for possible criminal prosecution.** (Where) the administrative agency is set up not so much to carry out a general economic or social policy as to lay a foundation for criminal prosecutions, then it should be beyond the power of the legislature to vest such agency even with the power to determine the facts and make such finding binding in a criminal prosecution." (Emphasis added).

26.    In *United States v. Silkman, 156 F.3d 833 (8th Cir. 1998)*, the main issue on appeal was whether the trial judge erred by not allowing the jury from making a factual finding of the validity of alleged assessments, which the 8th Circuit Court agreed was error. The Court held, *inter alia*, that the Government was <u>required</u> to prove the existence of a *deficiency*, citing *U.S. v. Dack, supra*. It then went on to hold that every criminal defendant has an absolute right for the jury to make a determination of the essential elements of the crime charged, including a *deficiency*, agreeing with the holding in *U.S. v. Voohries, 658 F.2d 710 (9th Cir. 1981)*. Obviously, if a jury must determine the existence of a *deficiency* it must be something that was first alleged in the Indictment.

27.    Concerning the absolute necessity of a *deficiency*, the *Silkman* Court also relied upon *England*, supra, which held:

   a.    That a tax *deficiency* is an essential element of a charge of tax evasion;

   b.    That the Government must be able to prove the existence of a *deficiency* at trial;

   c.    That the Defendant has a right to challenge the existence of a *deficiency*;

   d.    That the existence of a *deficiency* is a factual matter for only a jury to find; and

   e.    That it is error for a trial judge to direct a jury to return a verdict without proof of a valid *deficiency*.

28.    In *U.S. v. D'Augustino 145 F.3d 69 (2d Cir. 1998)*, the appellate court overturned the judgment of conviction and sentence for criminal tax evasion under 26 U.S.C. § 7201, remanding it with directions to vacate the judgment and dismiss the indictment on grounds that there was insufficient evidence to support a conviction. Because there was no evidence that the defendants actually owed a tax, the Court held that "it is legally impossible for any rational juror to conclude a...tax *deficiency* existed...**We therefore conclude...there is insufficient evidence to support the convictions."** *Id.* (Emphasis added).

29. "If the Sixth Amendment means anything, one accused of a crime which consists in the violation of an administrative order is entitled to a full trial on his defense that he committed no crime because the order in question was invalid." *See Silkman, fn. 6, supra.*

30. The undeniable fact that the Government failed to allege the existence of a tax *deficiency,* an essential element of its charge of tax evasion, rendered the Indictment fatally defective.

## II.

### Petitioner Not a Person Subject to Criminal Penalties

31. The second fatal defect in the Indictment was the failure of the Government to allege that Mr. Tracy was a *person* within the meaning of the term "person" defined in Section 7343 of Chapter 75 of the Code where such *person* was under a duty to perform the acts of filing a tax return or the payment of any tax. Section 7201 begins with the words "**Any person** who willfully attempts in any manner to evade or defeat any tax imposed by this title..." and ends with a cross reference to Section 7343 for the definition of the term "*person.*"

**Sec. 7343. Definition of term *"person"***

"The term *"person"* **as used in this chapter** [Ed. Chapter 75] includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is **under a duty to perform the act in respect of which the violation occurs**." (Emphasis added).

32. Sections 7201 and 7343 of the Internal Revenue Code were derived respectively from Sections 145 and 3793 of the Internal Revenue Code of 1939. Both sections are under Chapter 75 *entitled "Crimes, Other Offenses, and Forfeitures"* and together clearly show that the term "*person"* used in Section 7201 applies to someone who was under some duty to perform an act to which the alleged violation of law occurred.

33.    First, Pg. 934 in Derivation Table 1 in the appendix to the 1954 Code shows that both Sections 7201 and 7343 were derived from Section 145 of the 1939 Code. *See Exhibit A-5 attached hereto.* Next, Pg. 968 in Derivation Table II shows that Section 7343 consolidated and recodified nine (9) different sections of the 1939 Code pertaining to nine (9) different taxes. *See Exhibit A-4 attached hereto.* The actual language used in Sections 7343 to define "person" is the same language found in Sections 145(c) and 3793(b)(2) of the 1939 Code. *See Exhibits A-7 & A-9 attached hereto.* Both of these sections are found in sections of the respective Codes entitled "Penalties" and are apart from any substantive laws to which they refer.

34.    Since each section is not the actual law but a codification of law, it may be necessary to revert to the underlying statute to determine the status of the *person* and the nature of the *duty* to which they were intended to apply. "If construction is necessary, recourse may be had to the original statutes themselves." *Murrell v. Western Union Tel. Co., 160 F.2d 787,788 (1947); United States v. Mercur Corporation, 83 F.2d 178, 180 (1936).* (Emphasis added).

35.    A charge of tax evasion will pass constitutional muster if the Indictment alleged the provisions of law that **imposed a tax** and **a duty** upon the accused and further alleged that the accused was in fact a *person* who was under the imposed duty and who willfully violated it. But in the instant case, neither element was alleged in the Indictment, which resulted in the divestiture by the trial court of both subject matter and personal jurisdiction.

36.    In reading a section of any body of the law, the Supreme Court has articulated the following guidelines that are directly applicable here:

> "We recognize that where a federal criminal statute uses a common-law term of established meaning **without *otherwise* defining it**, the general practice is to give that term its common-law meaning. *U. S. v. Turley, 352 US 407, 411-412 citing at fn 7 United States v. Carll, 105 U. S. 611 (1882); United States v. Smith, 5 Wheat. 153 (1820); United States v. Brandenburg, 144 F.2d 656 (C. A. 3d Cir. 1944).*

"...it is fundamental that a section of a statute should not be read in isolation from the context of the whole Act, and that in fulfilling our responsibility in interpreting legislation, "we must not be guided by a single sentence or member of a sentence, but [should] look to the provisions of the whole law, and to its object and policy." *Richards v. United States, 369 U.S. 1 (1962).* (Emphasis added).

37.     The recent case of *United States v. Prentiss, 206 F.3d 960 (10th Cir. 2000),* is illustrative of the absolute requirement that an Indictment must allege every element that constitutes a crime. The Court of Appeals held that under the "Indian Country Crimes Act" codified at 18 U.S.C. § 1152, one of the essential elements of that crime is the Indian *status* of both the defendant and victim and that the *status* of each must be alleged in the indictment. That particular crime was made applicable to crimes committed by persons who were non-Indians against persons who were Indians, making the *status* of both the accused and the victim essential elements of that crime. Similarly, the penalty provisions under Chapter 75 of the Code are made applicable to only those persons whose "status" was that they were under some duty to perform the act or acts that were allegedly violated. These elements should have been alleged in the charging instrument, which they were not.

38.     "A criminal prosecution requires strict construction of the laws in question." *United States v. Anzalone, 766 F.2d 676, 680 (1985).* Thus, in construing the meaning of the term "*any person*" in a body of law, it can not be assumed that it means every person or all persons, but only those persons that Congress specifically intended to embrace within the law being examined. In support of this contention, Mr. Tracy has relied upon numerous Supreme Court cases, including the following cases cited below:

"Words having universal scope, such as..."every person who shall monopolize," etc., will be taken, as a matter of course, to mean only everyone subject to such legislation, not all that the legislator subsequently may be able to catch." (Emphasis added).

*American Banana Co. v. United Fruit Co., 213 U.S. 347 (1909).*

"...that before a man can be punished as a criminal under the Federal law his case must be "plainly and unmistakably" within the provisions of some statute. (Emphasis added).

*See United States v. Lacher, 134 U.S. 624, 628; United States v. Gradwell, 243 U.S. 476, 485 (1917); See also, McNally v. United States, 483 U.S. 350, 359-360 (1987); Fasulo v. United States, 272 U.S. 620, 629 (1926).*

"If a person is to be convicted of a crime, the offense **must** be clearly and plainly embraced within the statute and, as stated by Chief Justice Marshall in *United States v. Wiltberger, 5 Wheat. 76 at 105* "probability is not a guide which a court, in construing a penal statute, can safely take." (Emphasis added).

"...because of the seriousness of criminal penalties, and because criminal punishment usually represents the moral condemnation of the community, legislatures and not courts should define criminal activity. **This policy embodies "the instinctive distaste against men languishing in prison unless the lawmaker has clearly said they should."** (Emphasis added).

*H. Friendly, Mr. Justice Frankfurter and The Reading of Statutes, in Benchmarks, 196, 209 (1967)." United States v. Bass, 404 U.S. 336, 347-349 (1971).*

"It is **not** enough for us to find in the vague penumbra of a statute some offense about which Congress could have legislated and then to particularize it as a crime because it is highly offensive." (Emphasis added).

*U. S. v. Classic 313 U.S. 299, 332 (1941); Cf. James v. Bowman, 190 U.S. 127.*

"Civil liberties are too dear to permit conviction for crimes which are only implied and which can be spelled out only by adding inference to inference."

*Ibid.*

"In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. **In case of doubt they are construed most strongly against the government, and in favor of the citizen."** (Emphasis added).

*United States v. Wigglesworth, 2 Story, 369, Fed. Cas. No. 16,690; American Net & Twine Co. v. Worthington, 141 U.S. 468, 474; Benziger v. United States, 192 U.S. 38, 55.*

"...if there were any fair doubt as to the true construction of the provision in question, **the courts should resolve the doubt in his [Ed. the taxpayer's] favor."** (Emphasis added).

---

*American Net & Twine Co. v. Worthington, supra, United States v. Wigglesworth, supra; Rice v.*

*United States, 104, 10 U. S. App. 670, 53 Fed. 910 (4th CCA).*

> "...**in statutes levying taxes** the literal meaning of the words employed is most important for such statutes are not to be extended by implication beyond the clear import of the language used. If the words are doubtful, **the doubt must be resolved against the government and in favor of the taxpayer."** (Emphasis added).

*U.S. v. Merriam, 263 U.S. 179, 188 (1923) citing Gould v. Gould, 245 U.S. 151, 153.*

> "In view of other settled rules of statutory construction which teach that a law is presumed, in the absence of clear expression to the contrary, to operate prospectively; that, if doubt exists as to the construction of a taxing statute, the **doubt should be resolved in favor of the taxpayer**...." (Emphasis added).

*See Gould, supra; Shwab v. Doyle 258 U.S. 529; Reinecke v. Northern Trust Co., 278 U.S. 339,*

*348; White v. Aronson, 302 U.S. 16.*

> "It is well-recognized and consonant with ordinary notions of fair play and the settled rule of law, that the terms of a penal statute must be sufficiently explicit to inform **those subject to it** what conduct will render them liable to its penalties so as to not violate the first essential of due process of law." (Emphasis added).

*See Connally v. General Const. Co., 269 U.S. 385, 391 (1926).*

39.    In the instant case, the Government failed, inter alia, to allege the essential element of the crime that Mr. Tracy was a ***person*** who was under a duty to perform any of the acts allegedly violated thus bringing him within the definition found at Section 7343.

### III.

### Penalty Provision

40.    Section 7201 of Title 26 provides the criminal consequence for any person who willfully attempts to evade or defeat any tax imposed by Title 26, the Internal Revenue Code. As such, Section 7201 is a penalty provision for violations of other provisions of the Code which was derived from ten different taxing sections of the 1939 IR Code. Of those ten sections, <u>only</u> Section 145 pertains to taxes upon income and provides that:

"**Any person required under this chapter** to pay any tax, or **required by law or regulations made under authority thereof** to make a return, keep any records, or supply any information, for the purpose of the computation, assessment, or collection, of **any tax imposed by this chapter,** who willfully fails to pay such tax, make such return, keep such records, or supply such information, at the time or times required by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than \$10,000, or imprisoned for not more than one year, or both, together with the costs of the prosecution."

41. A penalty provision can be easily distinguished from a substantive law because a penalty provision sets forth *consequences* for violation of a substantive law to which the penalty provision refers while a substantive law either *proscribes* or *prescribes* conduct that becomes subject to criminal penalties if disobeyed. For the penalty consequence under Section 7201, formerly Section 145, to be triggered, the Government must be able to prove what provision of law that imposed a tax and then what provision of law or regulation that imposed the duty that the accused disobeyed.

42. Section 7203, just like Section 7201 is another penalty provision under Chapter 75 of the Code and provides the consequence for any person who willfully fails to file a tax return who was under a duty to do so. In a criminal tax case from 1966 in which the Defendant was charged with willful failure to file tax returns in violation of Section 7203, the Court said:

"**It is immediately apparent that this section alone [Ed. Sec. 7203] does not define the offense as the defendant contends.** But rather, all three of the sections referred to in the information - Sections 4461, 4901 and 7203 - *must be considered together before a complete definition of the offense is found.* Section 4461 imposes a tax on *persons* engaging in a certain activity; Section 4901 provides that payment of the tax shall be a condition precedent to engaging in the activity subject to the tax; and Section 7203 makes it a misdemeanor to engage in the activity without having first paid the tax, and provides the penalty. **It is impossible to determine the meaning or intended effect of any one of these sections without reference to the others.**" (Emphasis added).

*U.S. v. Menk, 260 F. Supp. 784.*

---

43.    In another criminal case where, as here, the penalty provision was separate from the substantive law, the Indictment charged that the defendants did "knowingly receiving, concealing and facilitating the transportation and concealment of certain merchandise, namely a number of psittacine birds after importation, knowing the same to have been imported into the United States *contrary to law*, in violation of 18 U.S.C. § 545. The Court held as follows:

"...each of counts 8, 9, 10 and 11 failed to state what law (other than 18 U.S.C.A.§ 545) the importation mentioned therein was contrary to, or in what respect such importation was contrary to such law. Thus each of counts 8, 9, 10 and 11 failed to charge a violation of 18 U.S.C.A. § 545 **and failed to charge an offense against the United States.** \*fn7 **Hence the convictions on counts 8, 9, 10 and 11 were improper."** (Emphasis added).

*United States v. Steiner, 229 F.2d 745; 1956.*

44.    Most recently, in *Almendarez-Torres v. United States, supra,* the Supreme Court ruled that Section 545(b) of Title 18 was in fact a penalty provision and did not constitute a separate offense saying, *inter alia*, that:

"...the title of a statute and the heading of a section" are "tools available for the resolution of a doubt" about the meaning of a statute. Trainmen v. Baltimore & Ohio R. Co., 331 U. S. 519, 528-529 (1947); see also INS v. National Center for Immigrants' Rights, Inc., 502 U. S. 183, 189 (1991). The title of the 1988 amendment is "Criminal penalties for reentry of certain deported aliens." Section 7345, 102 Stat. 4471 (emphasis added). **A title that contains the word "penalties" more often, but certainly not always, see post, at 14-15, signals a provision that deals with penalties for a substantive crime."** (Emphasis added).

45.    Just as Section 545(b) of Title 18 is a penalty provision under the Indian Country Crimes Act, Section 7201 of Chapter 75 is a penalty provision of the internal revenue laws and not a separate offense with which an accused can be properly charged.

"...**it is fundamental that a section of a statute should not be read in isolation from the context of the whole Act,** and that in fulfilling our responsibility in interpreting legislation, "we must not be guided by a single sentence or member of a sentence, **but [should] look to the provisions of the whole law, and to its object and policy."** (Emphasis added).

*Richards v. United States, 369 U.S. 1 (1962).*

---

46.    And so it is here. In charging the Defendant with violating Section 7201, the Indictment failed to allege what tax was **imposed** from among more than 140 taxes embodied within the Code and what section of the Code **imposed the tax** allegedly evaded or defeated. Lastly, it failed to allege what section of the Code **imposed a duty to file a tax return** or pay the imposed tax. Separately or together, that was fatal error warranting prompt dismissal of the charges.

### IV.

### Sufficiency of the Indictment

47.    The instant Indictment has failed to achieve its most fundamental purpose; it has failed to provide the Defendant with proper notice of the exact nature of the crime that it charged. *U.S. v. Lane, 765 F.2d 1376, 1380 (9th CCA 1985).* Additionally, there are the two corollary purposes; (a) insuring that the Defendant is being prosecuted on the basis of facts that were presented to the grand jury and (b) to allow the trial court to determine the sufficiency of the indictment. *Id.* In order to meet both of these purposes, "the indictment must allege [all of] the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." *Id.* Only when an indictment meets these fundamental standards can it pass constitutional muster under the 5th Amendment as was recently and succinctly observed by one court reviewing an Indictment where it said:

> "Narrowing the inquiry to the Fifth Amendment, it is not enough that the grand jury concludes that the defendant should be prosecuted for violating a particular statute; rather, **the indictment must also allege every element of the offense. Only in this way is any assurance furnished that the grand jury found probable cause to believe that the defendant in fact committed acts constituting the offense in question.** (Emphasis added).

*United States v. Prentiss, 206 F.3d 960, 965 (10th Cir. 1998), citing United States v. Deisch, 20 F.3d 139, 145-46 (5th Cir. 1994).*

49. "The requirement of notice derives from the defendant's Sixth Amendment right to be informed of the nature and cause of the accusation...[The requirement of the] inclusion of **all elements**...derives from the Fifth Amendment, which requires that the grand jury have considered and found all elements to be present."): *United States v. Radetsky, 535 F.2d 556, 562 (10th Cir.) (holding that a sufficient indictment "is of paramount importance" and "required . . . to avoid [a] conviction on facts not found, or perhaps not even presented to, the grand jury that indicted [the defendant]"), cert. denied, 429 U.S. 8201 (1976), overruled in part on other grounds, United States v. Daily, 921 F.2d 994, 1004 & n.11 (10th Cir. 1990); U.S. Const. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."); U.S. Const. amend. VI* ("In all criminal prosecutions, the accused shall enjoy the right...to be informed of the nature and cause of the accusation.").

50. Even if challenged <u>after</u> a verdict, "the failure of the indictment to allege all the essential elements of an offense...**is a jurisdictional defect requiring dismissal, despite citation of the underlying statute in the indictment.**" *Id. (citing United States v. Crockett, 812 F.2d 626, 629 & n.3 (10th Cir. 1987)).* **This type of fundamental defect cannot be cured by the absence of prejudice to the defendant or a jury instruction.** *Prentiss, supra.* (Emphasis added).

51. Focusing on the issue disputed in this case, "[a] criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense." *United States v. Gayle, 967 F.2d 483, 485 (11th Cir. 1992) (en banc); United States v. Brown, 995 F.2d 1493, 1505 (10th Cir. 1993).*

52.     The defects in the instant Indictment are not merely a matter of form but of genuine substance going to the lawful validity of the Indictment as well as the jurisdiction of the Court to convict. "An essential element of a crime, one that affects a substantial right, is "one whose specification...is necessary to establish the very illegality of the behavior and thus the court's jurisdiction." *United States v. Cina, 699 F.2d 853, 859 (7th Cir. 1983), cert. denied, 464 U.S. 991 (1983).*

## Jurisdiction of the Trial Court

53.     To the extent that this Court finds that the Indictment failed to allege the essential elements of the crimes charged, or that the facts alleged do not constitute an offense against the laws of the United States, it must find that it was without jurisdiction to proceed to trial or impose sentence upon Mr. Tracy.

54.     The Supreme Court has long held that a fatally defective Indictment is "no indictment of a Grand Jury." *Ex Parte Bain, 121 U.S. 1 (1887).* It has further held that, with a properly presented Indictment, the trial court would have had jurisdiction of both the crime and the defendant, but where not properly presented it had no jurisdiction to proceed to trial or verdict. "If there is nothing before the court which defendant, in the language of the constitution, can be "held to answer," he is then entitled to be discharged so far as the offense originally presented to the court by the indictment is concerned." *Id.*

55.     A guilty plea does not bar a challenge to the indictment since a guilty plea does not waive jurisdictional defects. *See e.g., United States v. Meacham, 626 F.2d 503, 510 (5th Cir. 1980).* "The sufficiency of an indictment is not a matter for federal habeas relief unless the indictment is so defective that the convicting court had no jurisdiction." *Uresti v. Lynaugh, 821 F.2d 1099, 1102 (5th Cir. 1987).* Failure to charge an offense may be raised for the first time in a § 2255 petition because such an error divests the sentencing court of jurisdiction. *See United States v. Prince, 868 F.2d 1379, 1383 (5th Cir.), cert. denied, 493 U.S. 932, (1989).*

56.    Here, as in *Bain*, supra, there is nothing that was before the trial court on which it could hear evidence or pronounce sentence. These cases come within the principles laid down by this court in *Ex Parte Lange, 18 Wall. 163; Ex Parte Parks, 93 U.S. 18; Ex Parte Wilson, 114 U.S. 418, 5 Sup. Ct. Rep. 935*, and other cases. Setting aside the Judgment of Conviction and Sentence and an Order to Dismiss the Indictment is the only proper and just remedy.

## SUMMARY & CONCLUSION

57.    The Indictment is both facially and substantially defective because it failed to allege facts sufficient to have served Mr. Tracy with notice of the nature and the cause of the charges against him. The indictment failed to allege all of the essential elements of the crime charged and therefore failed to charge an offense against the laws of the United States. Such defects are fatal and thus deprived the trial court of jurisdiction to allow the Government to proceed to trial against him and which cannot be cured by means of a Bill of Particulars.

58.    The Indictment failed to allege the existence of a tax deficiency or that the Mr. Tracy was a person who was under any duty to file a tax return or pay the tax allegedly evaded. It also improperly charged Mr. Tracy with a penalty provision of the Code instead of a separate offense. In every critical respect, the Indictment is legally insufficient. Accordingly, the trial court was without jurisdiction and all orders and judgments that flowed from the proceedings before it upon the defective indictment must be deemed to be void *ab initio*.

59.    Because of the fatal defects in the Indictment, the trial court is without jurisdiction and immediate dismissal is warranted as a matter of law.

## GROUNDS WHY WRIT SHOULD ISSUE

60. The Constitution guarantees Mr. Tracy the right to exercise the Privilege of the instant petition for a Writ of Habeas Corpus and the laws of the United States vest this honorable Court with jurisdiction to entertain this petition and issue the Writ. The Indictment returned against him was fatally defective as a matter of law in violation of the Fifth and Sixth Amendments to the Constitution and thus warranting dismissal of all of the charges. The Fifth Amendment to the Constitution guarantees that each Citizen will not be deprived of Liberty without due process of law and Petitioner has shown good cause why he is being unlawfully restrained of his Liberty in violation of rights secured him by the United States Constitution.

61. Petitioner has shown that the sentence was imposed in violation of both the laws and the Constitution of the United States in that it was imposed under the color of the authority of the laws of the United States. Due to the defective Indictment, the trial court was not vested with jurisdiction over the prosecution of the Petitioner making all of its orders and judgments rendered therein void. The Indictment failed to allege facts that constituted an offense against the laws of the United States and further failed to allege that Petitioner was a *person* defined in Section 7343 of Chapter 75 of the Internal Revenue Code subject to criminal prosecution for tax evasion. The defects alleged herein are so fundamental as to have caused a complete, inexcusable miscarriage of American justice that this Court is empowered to remedy.

62. This Court should now immediately inquire into the legality of Mr. Tracy's detention and promptly let the Writ issue or order Respondent to show cause why the Writ should not issue. Mr. Tracy poses no risk to himself or the public at large if released and any further imprisonment would constitute a crime against the people of the United States as a threat to their Liberty.

## RELIEF REQUESTED

WHEREFORE, Mr. Tracy respectfully requests that this honorable Court grant, forthwith, the following relief:

    a.    An Order to vacate or set aside the sentence imposed on Mr. Tracy;

    b.    An order for the unconditional release of Mr. Tracy from custody, with prejudice, *or in the alternative,*

    c.    Award the Writ of Habeas Corpus with an Order commanding the Clerk of the Court to issue the Writ, *or in the alternative*, an order commanding the Respondent to show cause why the Writ should not issue.

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January 2001 A. D., a copy of the foregoing was sent to the persons named below via the U.S. Postal Service.

## ATTEST

I do hereby attest and affirm under the pains and penalties of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Respectfully submitted,

David G. Tracy

## COPIES TO

Matthew Menchel
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394

---

Defendant David G. Tracy's
Motion for Writ of Habeas Corpus          Pg. 23

# EXHIBITS

TITLE 26  INTERNAL REVENUE CODE

CHAPTER 75 –

CRIMES, OTHER OFFENSES, AND FORFEITURES

**Sec. 7343. Definition of term "person"**

The term "person" as used in **this chapter** includes an officer or
employee of a corporation, or a member or employee of a partnership,
**who** as such officer, employee, or member **is under a duty to perform
the act in respect of which the violation occurs.**

**EXHIBIT A-1**

# UNITED STATES
# STATUTES AT LARGE

CONTAINING THE

# Internal Revenue Code of 1954

*Enacted During the Second Session of the*
*Eighty-Third Congress*
*of the United States of America*

1954



VOLUME 68A

IN ONE PART

**EXHIBIT A-2**

# APPENDIX

The following tables have been prepared as aids in comparing provisions of the Internal Revenue Code of 1954 with provisions of the Internal Revenue Code of 1939. No inference, implication, or presumption of legislative construction or intent shall be drawn or made by reason of such tables.

## TABLE 1

| 1939 Code section number | 1954 Code section number | 1939 Code section number | 1954 Code section number |
|---|---|---|---|
| 1 | | 22(g) | 851, 862, 863, 864. |
| 2 | 7806(a). | 22(h) | Chapter I, Subchapter G, Part III. |
| 3 | | | |
| 4 | | 22(i) | |
| 11 | 1. | 22(j) | 76. |
| 12(a) | | 22(k) | 71. |
| 12(b)(1), (2) | | 22(l) | 691. |
| 12(b)(3) | 1. | 22(m) | 73, 6201(c). |
| 12(c) | 1. | 22(n) | 62. |
| 12(d) | 2. | 22(o) | 75. |
| 12(e) | | 23 | 161, 211. |
| 12(f) | 1. | 23(a)(1)(A) | 162. |
| 12(g) | | 23(a)(1)(B) | 162. |
| 13(a) | | 23(a)(1)(C) | 263. |
| 13(b) | 11. | 23(a)(2) | 212. |
| 13(c)–(f) | | 23(b) | 163, 265. |
| 14 | | 23(c)(1) | 164. |
| 15(a), (b) | 11. | 23(c)(2) | |
| 15(c) | 1551. | 23(c)(3) | 164. |
| 21 | 63. | 23(d) | 164. |
| 22(a) | 61. | 23(e) | 165. |
| 22(b)(1) | 101. | 23(f) | 165. |
| 22(b)(2)(A) | 72. | 23(g) | 165. |
| 22(b)(2)(B) | 72, 403. | 23(h) | 165. |
| 22(b)(2)(C) | 72. | 23(i) | 165. |
| 22(b)(3) | 102. | 23(j) | 1091. |
| 22(b)(4) | 103. | 23(k)(1) | 166, 593. |
| 22(b)(5) | 104. | 23(k)(2) | 165(g)(1), 166(e), 582. |
| 22(b)(6) | 107. | 23(k)(3) | 165(g)(2). |
| 22(b)(7) | 894. | 23(k)(4) | 166. |
| 22(b)(8) | 115, 526, 892, 893, 911, 912, 933, 943. | 23(k)(5) | 166. |
| | | 23(k)(6) | 271, 166. |
| 22(b)(9) | 108. | 23(l) | 167. |
| 22(b)(10) | 108. | 23(m) | 611. |
| 22(b)(11) | 109. | 23(n) | 167. |
| 22(b)(12) | 111. | 23(o) | 170. |
| 22(b)(13) | 112. | 23(p) | 404. |
| 22(b)(14) | 113. | 23(q) | 170. |
| 22(b)(15) | 621. | 23(r) | 591. |
| 22(b)(16) | 114. | 23(s) | 172 |
| 22(b)(17) | 121. | 23(t) | 168, 169. |
| 22(c) | 471. | 23(u) | 215. |
| 22(d)(1)–(5) | 472. | 23(v) | 171. |
| 22(d)(6) | 1321, 6155(a). | 23(w) | 691. |
| 22(e) | 301(a). | 23(x) | 213. |
| 22(f) | 1001. | 23(y) | |

931

**EXHIBIT A-3**

968                    INTERNAL REVENUE CODE OF 1954

TABLE II—Continued

| 1954 Code section number | 1939 Code section number | 1954 Code section number | 1939 Code section number |
|---|---|---|---|
| 7269 | 894(b)(1). | 7404 | 826(a). |
| 7270 | 1821(b)(3). | 7405(a) | 3746(a). |
| 7271(1) | 1822, 2656(c). | 7405(b) | 3746(b). |
| 7271(2) | 1820(b). | 7405(c) | |
| 7271(3) | 1820(a). | 7405(d) | |
| 7271(4) | 3323(a)(1), (2). | 7406 | 3747. |
| 7272(a) | 1831(a), 2656(g), 3475(e). | 7407 | |
| 7272(b) | | 7421(a) | 3653(a). |
| 7273(a) | 3274. | 7421(b) | 3653(b). |
| 7273(b) | 3294(b). | 7422(a) | 3772(a)(1). |
| 7274 | 2656. | 7422(b) | 3772(b). |
| 7275 | | 7422(c) | 3772(d). |
| 7301(a) | 2558(a), (b); 2571, 2598(a), (b), (c); 3253, 3321(b)(1), 3720(a)(1). | 7422(d) | 3772(e). |
| | | 7422(e) | |
| | | 7422(f) | |
| 7301(b) | 3321(b)(1), 3720(a)(2). | 7423(1) | 3770(b)(1). |
| 7301(c) | 2657(e), 3321(b)(1), 3720(a)(3). | 7423(2) | 3770(b)(2). |
| | | 7424(a)(1) | 3679(a)(1). |
| 7301(d) | 3321(b)(2), 3322. | 7424(a)(2) | 3679(a)(2). |
| 7301(e) | 3321(b)(3). | 7424(a)(3) | 3679(a)(3). |
| 7302 | 3116. | 7424(b) | 3679(c). |
| 7303(1) | 1823. | 7424(c) | 3679(d). |
| 7303(2) | 2309(b), 2358(b). | 7425 | |
| 7303(3) | 2309(d). | 7441 | 1100. |
| 7303(4) | 2558(a). | 7442 | 1101. |
| 7303(5) | 2309(b), 2358(b). | 7443(a) | 1102(a). |
| 7303(6)(A) | 2657(c). | 7443(b) | 1102(b). |
| 7303(6)(B) | 2656(c), 2657(a)(b), (f). | 7443(c) | 1102(c). |
| 7303(7) | 3323(b). | 7443(d) | 1102(d). |
| 7303(8) | 3793(a)(2). | 7443(e) | 1102(e). |
| 7304 | 3326. | 7443(f) | 1102(f). |
| 7321 | 3720(b). | 7443(g) | 1102(g). |
| 7322 | 3721. | 7444(a) | 1103(a). |
| 7323(a) | 3723(a). | 7444(b) | 1103(b). |
| 7323(b) | 3723(b). | 7444(c) | 1103(c). |
| 7323(c) | 3723(c). | 7444(d) | 1103(d). |
| 7324 | 3722. | 7445 | 1104. |
| 7325 | 3724. | 7446 | 1105. |
| 7326 | | 7447(a) | 1106(a). |
| 7327 | 3726. | 7447(b) | 1106(b). |
| 7328 | 2657. | 7447(c) | 1106(c). |
| 7329 | | 7447(d) | 1106(d). |
| 7341(a) | 3324(a). | 7447(e) | 1106(e). |
| 7341(b) | 3324(b). | 7447(f) | 1106(f). |
| 7341(c) | 3324(c). | 7447(g) | 1106(g). |
| 7342 | 3601(b). | 7451 | 1110. |
| 7343 | 145(d), 894(b)(2)(D), 1718(d), 1821(a)(4), 2557(b)(8), 2707(d), 3228, 3710(c), 3793(b)(2). | 7452 | 504(b), R.A. 1942. |
| | | 7453 | 1111. |
| | | 7454(a) | 1112. |
| | | 7454(b) | |
| 7344 | 4048 | 7455 | 1113. |
| | | 7456(a) | 1114. |
| 7401 | 3740. | 7456(b) | |
| 7402(a) | 3800. | 7456(c) | 1114(b). |
| 7402(b) | 3633. | 7457(a) | 1115(a). |
| 7402(c) | 4042. | 7457(b) | 1115(b). |
| 7402(d) | 3992, 3995(c). | 7458 | 1116. |
| 7402(e) | | 7459(a) | 1117(a). |
| 7403(a) | 3678(a). | 7459(b) | 1117(b). |
| 7403(b) | 3678(b). | 7459(c) | 1117(c). |
| 7403(c) | 3678(c). | 7459(d) | 1117(d). |
| 7403(d) | 3678(d). | 7459(e) | 1117(e). |

Sections of
1939 Code
from where

**EXHIBIT A-4**

934                    INTERNAL REVENUE CODE OF 1954

TABLE I—Continued

| 1939 Code section number | 1954 Code section number | 1939 Code section number | 1954 Code section number |
|---|---|---|---|
| 124A | 168. | 153(c) | 6104. |
| 124B | 169. | 153(d) | 7201, 7203. |
| 125 | 171. | 154 | 692. |
| 126 | 691. | 161 | 641. |
| 127(a), (b) | | 162(a) | 642(c). |
| 127(c)(1) | 1331. | 162(b) | 651, 652, 661, 662. |
| 127(c)(2) | 1332. | 162(c) | 661. |
| 127(c)(3) | 1333. | 162(d) | 643, 663. |
| 127(c)(4) | 1334. | 162(e) | 642. |
| 127(c)(5) | 1335. | 162(f) | 642. |
| 127(d) | 1336. | 162(g) | 681. |
| 127(e) | 1337. | 163(a)(1) | 642. |
| 127(f) | 1337. | 163(a)(2) | 642. |
| 128 | 1346. | 163(b) | 642. |
| 129 | 269. | 163(c) | 642(a), (1). |
| 130 | 270. | 164 | 652, 662. |
| 130A | 421. | 165(a) | 401, 501(a). |
| 131(a) | 901. | 165(b) | 402. |
| 131(b) | 904. | 165(c) | 402. |
| 131(c) | 905, 6155(a), 7101. | 165(d) | 402. |
| 131(d) | 905. | 166 | 676. |
| 131(e) | 905. | 167 | 677. |
| 131(f) | 902. | 168 | 642. |
| 131(g) | 901(c). | 169(a)–(c) | 584, 6065. |
| 131(h) | 903. | 169(d)(1)–(3). | 584. |
| 131(i) | 905. | 169(d)(4) | 584. |
| 141 | 1501, 1502, 6071, 6081 (a), 6091(b)(2), 6503(a)(2). | 169(e) | 584. |
| | | 169(f) | 6032, 6065(a). |
| | | 169(g) | 584. |
| | | 170 | 642, 584. |
| 142 | 6012(a), (b), 6065(a). | 171 | 682. |
| | | 172 | 642. |
| 143(a) | 1451. | 181 | 701. |
| 143(b) | 1441. | 182 | 702. |
| 143(c) | 1461, 6011(a), 6072(a), 6091(b), 6151(a). | 183(a), (b) | 702, 703. |
| | | 183(c) | 702. |
| | | 183(d) | 703(a). |
| 143(d) | 1462. | 184 | 702. |
| 143(e) | 1463. | 186 | 702. |
| 143(f) | 1464, 6414. | 187 | 6031, 6063, 6065(a). |
| 143(g) | 1461. | 188 | 706. |
| 143(h) | 1443, 6151. | 189 | 702, 703. |
| 144 | 1449, 6151(a). | 190 | |
| 145 | 7201, 7202, 7203, 7343. | 191 | 704. |
| | | 201(a)(1) | 802. |
| 146 | 443, 6155(a), 6601(a), 6658, 6851, 7101. | 201(a)(2), (3) | 807. |
| | | 201(b) | 801. |
| 147 | 6041(b), (c); 6071, 6081(a), 6091(a). | 201(c)(1) | 803(a). |
| | | 201(c)(2) | 803(b). |
| 148 | 6042, 6043, 6044, 6065(a), 6071, 6081(a), 6091(a). | 201(c)(3) | 803(c). |
| | | 201(c)(4) | 803(d). |
| | | 201(c)(5) | 803(e). |
| 149 | 6045, 6065(a), 6071, 6081(a), 6091(a). | 201(c)(6) | 803(f). |
| | | 201(c)(7) | 803(g). |
| 150 | 6071, 6081(a), 6091(a), 7001(a), 7231. | 201(d) | 803(h). |
| | | 201(e) | 803(i). |
| | | 201(f) | 803(j). |
| 151 | | 201(g) | |
| 153(a) | 6033(b), 6071, 6081(a), 6091(a). | 202(a) | |
| | | 202(b) | 804(a). |
| 153(b) | 6084, 6071, 6081(b), 6091(a). | 202(c) | 806. |
| | | 203 | |

**Sections of 1954 Code that were derived from**

EXHIBIT A-5

# UNITED STATES
# STATUTES AT LARGE

CONTAINING THE

LAWS AND CONCURRENT RESOLUTIONS
ENACTED DURING THE FIRST SESSION OF THE
SEVENTY-SIXTH CONGRESS
OF THE UNITED STATES OF AMERICA

# 1939

AND

TREATIES, INTERNATIONAL AGREEMENTS OTHER
THAN TREATIES, AND PROCLAMATIONS

COMPILED, EDITED, INDEXED, AND PUBLISHED BY AUTHORITY OF LAW
UNDER THE DIRECTION OF THE SECRETARY OF STATE

## VOLUME 53

PART 1

INTERNAL REVENUE CODE

APPROVED FEBRUARY 10, 1939



UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1939

**EXHIBIT A-6**

for not more than one year, or both, together with the costs of prosecution.

(b) FAILURE TO COLLECT AND PAY OVER TAX, OR ATTEMPT TO DEFEAT OR EVADE TAX.—Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution.

(c) PERSON DEFINED.—The term "person" as used in this section includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

(d) CROSS REFERENCE.—

> For penalties for failure to file information returns with respect to foreign personal holding companies and foreign corporations, see section 340.

**See Sec.**

SEC. 146. CLOSING BY COMMISSIONER OF TAXABLE YEAR.

(a) TAX IN JEOPARDY.—

(1) DEPARTURE OF TAXPAYER OR REMOVAL OF PROPERTY FROM UNITED STATES.—If the Commissioner finds that a taxpayer designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act tending to prejudice or to render wholly or partly ineffectual proceedings to collect the tax for the taxable year then last past or the taxable year then current unless such proceedings be brought without delay, the Commissioner shall declare the taxable period for such taxpayer immediately terminated and shall cause notice of such finding and declaration to be given the taxpayer, together with a demand for immediate payment of the tax for the taxable period so declared terminated and of the tax for the preceding taxable year or so much of such tax as is unpaid, whether or not the time otherwise allowed by law for filing return and paying the tax has expired; and such taxes shall thereupon become immediately due and payable. In any proceeding in court brought to enforce payment of taxes made due and payable by virtue of the provisions of this section the finding of the Commissioner, made as herein provided, whether made after notice to the taxpayer or not, shall be for all purposes presumptive evidence of the taxpayer's design.

(2) CORPORATION IN LIQUIDATION.—If the Commissioner finds that the collection of the tax of a corporation for the current or last preceding taxable year will be jeopardized by the distribution of all or a portion of the assets of such corporation in the liquidation of the whole or any part of its capital stock, the Commissioner shall declare the taxable period for such taxpayer immediately terminated and shall cause notice of such finding and declaration to be given the taxpayer, together with a demand for immediate payment of the tax for the taxable period so declared terminated and of the tax for the last preceding taxable year or so much of such tax as is unpaid, whether or not the time otherwise allowed by law for filing return and paying the tax has expired; and such taxes shall thereupon become immediately due and payable.

(b) SECURITY FOR PAYMENT.—A taxpayer who is not in default in making any return or paying income, war-profits, or excess-profits tax under any Act of Congress may furnish to the United States, under regulations to be prescribed by the Commissioner, with the approval of the Secretary, security approved by the Commissioner

**EXHIBIT A-7**

## TABLE OF CONTENTS

### CHAPTER 38—MISCELLANEOUS PROVISIONS

Sec. 3790. Prohibition of administrative review of Commissioner's decisions.
Sec. 3791. Rules and regulations.
Sec. 3792. ~~Expenses of detection and~~ punishment of frauds.
Sec. 3793. Penalties and forfeitures.
Sec. 3794. ~~Interest on delinquent taxes.~~
Sec. 3795. Administration of real estate acquired by the United States.
Sec. 3796. Purchase of stationery.
Sec. 3797. Definitions.
Sec. 3798. Exemption of insolvent banks from tax.
Sec. 3799. Income from obligations and mortgages issued by Joint-Stock Land Banks.
Sec. 3800. Jurisdiction of district courts to issue orders, processes, and judgments.
Sec. 3801. Mitigation of effect of limitation and other provisions in income tax cases.
Sec. 3802. Separability clause.

## CHAPTER 38—MISCELLANEOUS PROVISIONS

### SEC. 3790. PROHIBITION OF ADMINISTRATIVE REVIEW OF COMMISSIONER'S DECISIONS.

In the absence of fraud or mistake in mathematical calculation, the findings of facts in and the decision of the Commissioner upon (or in case the Secretary is authorized to approve the same, then after such approval) the merits of any claim presented under or authorized by the internal revenue laws shall not, except as provided in chapter 5, be subject to review by any other administrative or accounting officer, employee, or agent of the United States.

### SEC. 3791. RULES AND REGULATIONS.

(a) AUTHORIZATION.—

(1) IN GENERAL.—Except as provided in section 1928 (a), Cotton Futures. section 2599, Marihuana, section 2559, Narcotics, section 3176. Liquor, and section 1805, Silver, the Commissioner, with the approval of the Secretary, shall prescribe and publish all needful rules and regulations for the enforcement of this title.

(2) IN CASE OF CHANGE IN LAW.—The Commissioner may make all such regulations, not otherwise provided for, as may have become necessary by reason of any alteration of law in relation to internal revenue.

(b) RETROACTIVITY OF REGULATIONS OR RULINGS.—The Secretary, or the Commissioner with the approval of the Secretary, may prescribe the extent, if any, to which any ruling, regulation, or Treasury Decision, relating to the internal revenue laws, shall be applied without retroactive effect.

### SEC. 3792. EXPENSES OF DETECTION AND PUNISHMENT OF FRAUDS.

The Commissioner, with the approval of the Secretary, is authorized to pay such sums, not exceeding in the aggregate the sum appropriated therefor, as he may deem necessary for detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws, or conniving at the same, in cases where such expenses are not otherwise provided for by law.

## EXHIBIT A-8

468    CODIFICATION OF INTERNAL REVENUE LAWS

SEC. 3793. PENALTIES AND FORFEITURES.

(a) FRAUDULENT BONDS, PERMITS, AND ENTRIES.—

(1) PENALTY.—Every person who—

(A) SIMULATION OR EXECUTION.—Simulates or falsely or fraudulently executes or signs any bond, permit, entry, or other document required by the provisions of the internal revenue laws, or by any regulation made in pursuance thereof, or

(B) PROCURING EXECUTION.—Procures the same to be falsely or fraudulently executed, or

(C) AIDING IN EXECUTION.—Advises, aids in, or connives at such execution thereof——

shall be imprisoned for a term not less than one year nor more than five years, and

(2) FORFEITURE.—The property to which such false or fraudulent instrument relates shall be forfeited.

(b) FRAUDULENT RETURNS, AFFIDAVITS, AND CLAIMS.—

(1) ASSISTANCE IN PREPARATION OR PRESENTATION.—Any person who willfully aids in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a false or fraudulent return, affidavit, claim, or document, shall (whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document) be guilty of a felony, and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution.

(2) PERSON DEFINED.—The term "person" as used in this subsection includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

(c) CROSS REFERENCES.

(1) PENALTIES.—

For other penalties under this subtitle, see the following sections:
Refusal to permit entry or examination, 3601 (b);
Forcibly obstructing officers, 3601 (c);
Forcibly rescuing property, 3601 (e);
Failure to file return, 3612 (d) (1);
False or fraudulent return, 3612 (d) (2);
Nonpayment of tax, 3655 (b);
Failure to surrender property subject to distraint, 3710 (b);
Fraud in connection with closing agreements and compromises, 3763.

(2) FORFEITURES.—

For other forfeitures under this subtitle, see the following:
Sales or removals in fraud of internal revenue laws, section 3720 (a);
Sales or removals with design to avoid payment of taxes, section 3720 (a).

SEC. 3794. INTEREST ON DELINQUENT TAXES.

Notwithstanding any provision of law to the contrary, interest accruing during any period of time after August 30, 1935, upon any internal-revenue tax (including amounts assessed or collected as a part thereof) not paid when due, shall be at the rate of 6 per centum per annum.

SEC. 3795. ADMINISTRATION OF REAL ESTATE ACQUIRED BY THE UNITED STATES.

(a) PERSON CHARGED WITH.—The Commissioner shall have charge of all real estate which is or shall become the property of the United States by judgment of forfeiture under the internal revenue laws, or which has been or shall be assigned, set off, or conveyed by purchase or otherwise to the United States in payment of debts or penalties arising under the laws relating to internal revenue, or which has been or shall be vested in the United States by mortgage or other

**EXHIBIT A-9**