UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID TRACY,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.
_____/

CASE NO. 01-6167-CIV-DIMITROULEAS
(00-6028-CR-DIMITROULEAS)

FILED by _____ D.C.

MAR 1 6 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER DENYING PETITION AND CLOSING CASE

THIS CAUSE having been heard upon the Petitioner's (Tracy) February 7, 2001 Verified

Motion For Writ of Habeas Corpus [DE-1], and the Court having considered Government's

March 2, 2001 Answer [DE-5] and Petitioner's March 14, 2001 response [DE-7], the petition is

DENIED for the following reasons:

1. On June 1, 2000, the Petitioner was found guilty of one count of tax evasion. [CR-DE-

69].

2. On August 18, 2000, Petitioner was sentenced to eighteen (18) months in prison. [CR-

DE-89].

3. On January 17, 2001, Petitioner voluntarily dismissed his appeal. [CR-DE-112].

4. In his § 2255 motion, Tracy contends that he is entitled to collateral relief from his

conviction and sentence based on the following arguments:

> A. that the indictment against movant failed to allege that he had a tax
> deficiency and that the government failed to prove such a deficiency
> at trial;



   B. that the indictment against movant failed to allege that movant was a
      "person" under the Internal Revenue Code; and

   C. that section 7201 of Title 26 is merely a "penalty provision" and not
      "substantive law."

5. Tracy's claims are procedurally barred from collateral review pursuant to 28 U.S.C. §

2255 because he failed to raise those claims in the original criminal proceedings in this case or

on direct appeal, and because Tracy has not shown "cause and prejudice" for his failure to do so.

*United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Parks v. United States*, 832 F. 2d 1244,

1246 (11th Cir. 1987); *see also Reed v. Farley*, 512 U.S. 339, 354-55 (1994). Moreover, Tracy

waived these claims by withdrawing his appeal.

6. Petitioner's complaints about insufficient evidence and inadequate allegations were

decided adversely to him at trial. The Court again rules against Petitioner's arguments. When no

return is filed, any deficiency is deemed to arise by operation of law on the date a return should

have been filed. U.S. v. Silkman, 220 F. 3d 935, 937 (8th Cir. 2000); U.S. v. Dack, 747 F. 2d

1172, 1174 (7th Cir. 1984).

   Wherefore, Tracy's Petition for Writ of Habeas Corpus is DENIED.

   The Clerk shall close this case.

   DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this

____ day of March, 2001.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

David Tracy, #55191-004
F.P.C.
110 Raby Avenue
Pensacola, FL 32509

Matthew Menchel, AUSA