IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                  CASE NO. 00-6028-CR-Dimitrouleas

DAVID G. TRACY,

    Defendant-Petitioner.

_____/

## MOTION FOR RECONSIDERATION

COMES NOW David G. Tracy, Defendant (hereinafter "Mr. Tracy") and respectfully moves this Court to reconsider its Order of March 16, 2001 denying Mr. Tracy's Verified Motion for Writ of Habeas Corpus and is support of this motion does testify under pains and penalties of perjury as follows:

1.    This Court entered an order on March 16, 2001 in which it denied Mr. Tracy's Motion for Writ of Habeas Corpus filed on February 7, 2001. The primary grounds upon which the Court denied Mr. Tracy's motion were that he was procedurally barred because he failed to raise his claims in the original proceeding, that he did not show "cause and prejudice," and that he waived his claims because he withdrew his appeal.



2.  However, in his motion, Mr. Tracy clearly alleged that his sentence was imposed in violation of both the laws and the Constitution of the United States and under the color of the authority of the laws of the United States, thus divesting the trial court of jurisdiction to impose the sentence. Thus the character of Mr. Tracy's constitutional claim should be central to an evaluation of his habeas corpus petition. As the U.S. Supreme Court stated:

> "Adherence to the "**cause and prejudice**" test in the conjunctive will not prevent federal habeas corpus courts from ensuring the fundamental fairness that is the central concern of the writ of habeas corpus. That test is a sound and workable means of channeling the discretion of federal habeas courts. **However, in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.**" (Emphasis added).

*Murray v. Carrier, 477 U.S. 478 (1986).*

> In deciding whether the District Court should have examined these statements before dismissing respondent's habeas corpus petition, it is useful to recall the historic importance of the Great Writ. "The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action." Harris v. Nelson, 394 U.S. 286, 290 -291 (1969). Its well-known history bears repetition. The writ emerged in England several centuries ago, 4 and was given explicit protection in our Constitution. 5 The first Judiciary Act provided federal habeas corpus for federal prisoners. In 1867, Congress provided the writ of habeas corpus for state prisoners; the Act gave federal courts "power to grant writs of habeas corpus in all cases where any person may be restrained of his or her liberty in violation of the Constitution, or any treaty or law of the United States." 7 The current statute confers similar power, 28 U.S.C. 2241(c)(3), and provides: "The court shall . . . dispose of the matter as law and justice require." 28 U.S.C. 2243.

*Id.*

> As the statute suggests, the central mission of the Great Writ should be the substance of "justice," not the form of procedures. As Justice Frankfurter explained in his separate opinion in Brown v. Allen, 344 U.S. 443, 498 (1953): "The meritorious claims are few, but our procedures must ensure that those few claims are not stifled by undiscriminating generalities. The complexities of our federalism and the workings of a scheme of government involving the interplay of two governments, one of which is subject to limitations enforceable by the other, are not to be escaped by simple, rigid rules which, by avoiding some abuses, generate others."

2

*Id.*

3    In Hensley v. Municipal Court, 411 U.S. 345, 349-350 (1973), the Court similarly emphasized this approach, stating:

> "Our recent decisions have reasoned from the premise that habeas corpus is not 'a static, narrow, formalistic remedy,' Jones v. Cunningham, but one which must retain the 'ability to cut through barriers of form and procedural mazes.' Harris v Nelson, 394 U.S. 286, 291 (1969). See Frank v. Mangum, 237 U.S. 309, 346 (1915) (Holmes, J., dissenting). '**The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected.**' Harris v. Nelson, supra, at 291. (Emphasis added).
>
> "Thus, we have consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements."

*Id.*

4.    Mr. Tracy challenges the sufficiency of his Indictment which goes to the subject matter of the trial court to prosecute and sentence him. Accordingly, the Supreme Court further held that the "statutory mandate to "dispose of the matter as law and justice require" clearly requires at least some consideration of the character of the constitutional claim. *Murray, supra.*

WHEREFORE, relying on these Supreme Court authorities, Mr. Tracy respectfully moves this Court to reconsider its order denying the Motion for Writ of Habeas Corpus.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March 2001 A. D., a copy of the foregoing was sent to the persons named below via the U.S. Postal Service.

**ATTEST**

I do hereby attest and affirm under the pains and penalties of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Respectfully submitted,

David G. Tracy
Defendant-Petitioner
Reg. No. 55191-004
FPC Pensacola
110 Raby Avenue
Pensacola, Florida 32509-5127

**COPIES TO**

Matthew Menchel
Assistant United States Attorney
99 N.E. 4th Street
Miami, Florida 33132

4